Pittsburg, Allegheny and Manchester Passenger
Railway Company *versus* Donahue.

| 70 | 119 |
| 134 | 408 |
| 70 | 119 |
| f218 | 174 |

1. A boy riding on a car was wilfully and wantonly struck by the driver, and thereby thrown off the car; the car-wheel passed over him. *Held*, in a suit against the car-owners: 1. That they were not liable for the act of the driver in striking the boy. 2. They were liable for negligently driving over him.

2. A master is liable for the results of the wilful conduct of his servant if within the scope of his authority.

3. A blow may be given by a conductor or driver when by resistance to proper authority it becomes necessary.

4. The court charged that the jury "would'be justified in giving the plaintiff compensation, not only for such damages as he had already sustained, also such as will reasonably sustain in the future arising from the injury complained of, but also allow him for any pain and suffering he has sustained by the injury." *Held*, to be correct.

5. That damages for negligence are to be measured by the same rule to artificial persons as to natural persons, should be held by courts and juries, and care should be taken by judges trying the causes that it be so administered.

November 7th 1871.　Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the District Court of *Allegheny county*: No. 18, to October and November Term 1871.

This was an action on the case brought December 2d 1868, by John Donahue against The Pittsburg, Allegheny and Manchester Passenger Railway Company, for injuries to his son Michael Donahue, by the negligence of the defendants' servants.

The evidence was not printed in the paper-book, but it appeared from the statement of the case, that Michael Donahue, a small lad, got upon one of the defendants' cars; at the time he got on, the driver, who was also the conductor, was inside the car collecting fare. When he saw the boy he went out to the platform where the boy was standing, struck him or pushed him from the car with an iron switch-turner, throwing him from the platform and the wheels passed over his feet, so seriously injuring him as to require the amputation of several of his toes and unfitting him for future service to the plaintiff. Considerable expense was incurred for nursing, medical attendance, &c.

The cause was tried November 14th 1870, before Kirkpatrick, J.

The following are points of the defendants with their answers:

1. The plaintiff is not entitled to recover, upon the pleadings and evidence in this case.

2. Taking the testimony on the part of the plaintiff to be true; namely, that the driver of the car "struck plaintiff's son with an iron poker, and knocked him off, and the wheel of the car ran over his (the son's) toes or foot, causing the injury complained of," the defendant is not liable in this form of action, and the verdict of the jury should be in favor of the defendant.

[Passenger Railway Co. *v.* Donahue.]

Both these points were refused.

3. If the plaintiff's son was assaulted by the driver of the car, and knocked off the car, and in consequence thereof he (the son) fell, and was immediately passed over by the car, and injured in the toes or foot, the corporation defendant is not liable for the injury or damage resulting from such violence.

Answer: "Refused, unless the jury find, from all the evidence in the case, that the act of the conductor in putting the boy off the car, was a wanton and malicious act, committed out of the course of his agency, and without the scope and course of his employment. If they so find, it is affirmed."

4. If the facts be as stated in the third point, and the plaintiff having given no testimony tending to show express authority from defendant to the driver of the car to commit said trespass, no such authority can be implied from the nature of the driver's employment, and defendant is not liable to plaintiff for the trespass and violence committed upon his son.

Answer: "Refused, as presented. Beyond question, no authority has been shown, neither can any be implied, from the defendant to the conductor, to perpetrate an act, such as that is, to push him off, by knocking him off the car with the iron bar, or poker, as has been detailed by the boy, Michael Donahue; and if, as is stated in our answer to the third point, the jury find that the conductor, in putting the boy off the car, (if they find he did so,) acted in view of his agency, and within the scope of his general authority as a conductor, the defendants are answerable for the result of putting him off, even if the putting off was done in a wanton and malicious manner, if he did not exercise care and caution in putting the boy off, but acted maliciously and wantonly, this company is liable."

The verdict was for the plaintiff for $525.

The defendants took a writ of error, and assigned for error, the answers to their points.

*D. W. & A. S. Bell* and *A. M. Brown*, for plaintiffs in error.—The act of the driver was a wanton trespass, not done in the course of his employment, nor under the express or implied authority of the defendants; they are therefore not responsible: Shearman and Redfield on Negligence, §§ 55, 59, 62; Poulton *v.* London and S. W. Railway, 2 Queen's Bench 535; Little Miami Railroad *v.* Wetmore, 9 Am. Law Reg. 621; Fox *v.* N. Liberties, 3 W. & S. 103; Croft *v.* Allison, 4 B. & Ald. 590; Phila. G. and N. Railroad *v.* Wilt, 4 Whart. 143; Yerger *v.* Warren, 7 Casey 319; Morley *v.* Gaisford, 2 H. Black. 442.

*A. G. Cochran* and *R. J. Powers*, for defendant in error.—The master is liable for the tortious acts of his servant when done

in the course of his employment: Penna. Railroad v. Vandiver, 6 Wright 365; Goddard v. Gr. Trunk Railway, 10 Am. Law Reg. N. S. 17; Moore v. Railroad, 4 Gray 465; Railroad v. Finnay, 10 Wis. 385; Weed v. Railroad, 17 N. Y. 362; Flint v. Transportation Co., 34 Conn. 554; Landreaux v. Bell, 5 Louisiana, O. S. 275; Railroad v. Blocher, 27 Md. 277; Railroad v. Derby, 14 How. 468; Seymour v. Greenwood, 30 Law J. Rep. Exch. 189, 327.

The judgment below was affirmed November 13th 1871.

PER CURIAM.—We agree with the counsel for the plaintiff in error, that for a wilful and wanton trespass committed by a car-driver the company is not responsible; but here, in addition to the trespass, the driver inflicted the principal injury by negligently and recklessly driving the car over the limb of the plaintiff's son, thus injuring him. For this the company was clearly answerable. We perceive no error in the record, and the judgment is affirmed.

On the 15th of January 1870, Michael Donahue (the boy menmentioned in the foregoing case), by his next friend, Patrick Donahue, brought an action on the case against the same defendants for the same injury, and the case was tried, September 28th 1871, before Kirkpatrick, J., on the same evidence.

The defendants' points and their answers were:—

1. The defendants are not liable for the wilful and unauthorized trespass of a driver or conductor of their cars.

Answer: " Refused as presented. These defendants are responsible for the results of their driver's conduct, if this conduct was exercised within the scope of his authority, and within the course of his ordinary employment as such. If therefore you find his conduct was so exercised by the driver, and in consequence thereof the boy fell under the wheels of defendants' car, they are responsible to this plaintiff for any and all injuries resulting to him therefrom. The amount is wholly for you, upon a careful consideration of all the testimony in the cause."

2. If the plaintiff was assaulted by the driver or conductor of defendants' car, and knocked off the car and injured in consequence thereof, the defendants are not liable for said alleged trespass, in the absence of express authority from defendants to the driver to commit such trespass.

3. Taking the testimony on the part of the plaintiff to be true, viz., that the driver of the car struck plaintiff with an iron bar or poker and knocked him off, and he fell under a wheel of the car and was thereby injured, the defendants are not liable for said trespass.

Both the 2d and 3d points were refused.

[Passenger Railway Co. *v.* Donahue.]

4. If the injury complained of was occasioned by the wilful act of the driver or conductor, and not shown to have been authorized or assented to by the officers of the corporation, defendants, the plaintiff cannot recover.

Answer: " Refused for reasons given in answer to defendants' 1st point, and for the further reason that to enable the plaintiff to recover, there is no necessity to show that the driver was authorized to do this particular act, or any other act of like kind or character. 'The criterion is not whether the master has given the authority to do *the particular act,* but whether the servant was in the ordinary course of his employment.' This is the rule laid down by the Supreme Court of this state. It is a rule to us, and we submit it to you as binding in this case. We might go further possibly and, as a court, tell you whether this act did or did not come within such scope and compass as a driver and conductor, and we think in so doing we would only be doing what the Supreme Court said and did in the case we have just cited, but prefer leaving it as a matter of fact to be found by you, as any other fact in the case, instructing you further, that if you find that the act was done in the ordinary course and scope of his employment, as such driver and conductor, then the defendants are responsible to the plaintiff for the damages resulting from his being knocked off and being run over by the car-wheel."

The court further charged :—

* * * "That it was not necessary that authority should have been given to the driver and conductor to do this particular act, or any other like act; that the criterion was not whether they would have given the servant authority to do a particular act, but whether the servant in doing the act was in the ordinary course of his employment; that authority to do this particular act of the driver and conductor from defendants was not claimed nor was it proven; that it was clear no such authority ever was or would have been given; that this, however, was not necessary to the plaintiff's right to recover under the instruction and for the various reasons already given; * * * that the rule of damages was, if the jury find him entitled to recover at all under all the evidence in the case, they would be justified in giving him damages not only for such as he has already sustained, also such as he will reasonably sustain in the future, arising from the injury complained of, but also allow him for any pain and suffering he has sustained by reason of the injury."

The jury returned the following verdict :—

" We find a verdict for the plaintiff in amount as follows—

" For pain suffered, seven hundred and fifty dollars    $750.00
For compensation, four thousand four hundred and
    sixty-six dollars and sixty-six cents    .    .    4,466.66

                    Total verdict    .    . $5,216.66"

[Passenger Railway Co. v. Donahue.]

The defendants removed the case to the Supreme Court, and assigned for error the answers to their points and the portions of the charge given above.

The writ of error was heard November 12th 1872, before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

It was argued by

_A. M. Brown_ and _D. W. and A. S. Bell_, for plaintiffs in error. —The charge on the question of damages was too indefinite: Penna. Railroad _v._ Vandiver, 12 Casey 298 : Penna. Railroad _v._ Zebe, 9 Id. 318; Penna. Railroad _v._ Kelly, 7 Id. 372.

On the question of the liability of the defendants for the acts of the driver, besides the authorities cited in the foregoing cases, they cited Smith's Master and Servant 151.

_A. G. Cochran_ and _R. J. Powers_, for defendant in error.—On the question of damages cited: Klein _v._ Franklin Ins. Co., 1 Harris 247; Huber _v._ Wilson, 11 Id. 178; Hoopes _v._ Garver, 3 Id. 517. On the question of the liability of the defendants for the conduct of the driver they made the same references as in the former case.

The opinion of the court was delivered, January 6th 1873, by

THOMPSON, C.J.—On the argument at bar, it seemed to me, that there was a want of definiteness in the instructions of the learned judge in answer to the points of the defendant, in order to exclude as an element of damages the manifest trespass of the driver of the car; but on further reflection this impression has yielded to a different conclusion. It is true the learned judge refused to charge as requested by defendant's counsel, that the railway company was not liable for the wilful trespass of the driver of the car, but he charged that it was responsible for the results of his conduct, if within the scope of his authority. It might have been more satisfactory if he had explained to the jury what was not within the scope of this authority, as disclosed by the testimony; but in regard to the blow with the iron bar, by which the plaintiff was knocked from the platform of the car and fell under its wheels, he instructed the jury that the driver had no authority to do such an act. This, of course, withdrew it as an element of damages.

We do not say that in no case a blow may not be given by a conductor or a driver and be within the scope of his authority. It certainly may, when by resistance to proper authority it becomes necessary to execute that authority. No company would ever confer the authority to beat even trespassers, on their cars. But with the authority to remove them it is implied, if necessary,

[Passenger Railway Co. *v.* Donahue.]

and the facts must show the necessity; if not, and injury occurs that would be entitled to be compensated, a company might be answerable to the injured party. In this case the blow knocked the plaintiff off the car, and then by culpable negligence the car was driven over his feet, and he was badly injured. The driving of the car was within the scope of the driver's employment, and for this the company was answerable. It was for this that damages were given.

This subject has received some consideration in the case of Bagley *v*. The Manchester, Sheffield and Lincolnshire Railway Co., Eng. L. Rep. vol. 6, 415, Com. Bench. The substance of the decision is, that " a person who puts another in his place to do a class of acts in his absence, necessarily leaves him to determine, according to the circumstances which arise when an act of that class is to be done, and trusts him for the manner in which it is done; consequently he is answerable for the wrong of the person so intrusted, either in the manner of doing such an act, under circumstances in which it ought not to have been done, provided that what is done is not done from any caprice in the servant, but in the course of the employment." In that case the company was held answerable in damages to the extent of £200, for injury done a passenger by a porter who attempted to remove him from a train which he was rightfully on, but which the porter thought was the wrong train. It was held that as it was within the scope of the porter's duty to remove persons not entitled to passage on the train, the company was liable to damages for the injury to the plaintiff in endeavoring to put him off, although the effort made was under a mistake. All this was because the porter supposed he was acting under legitimate authority, and so he was, but was mistaken in the exercise of it.

Our case was well decided, however, in holding the company, as between it and the plaintiff, answerable for what it did by its agent in the course of his employment, viz.: negligently driving over and maiming the plaintiff, it is said, for life.

We do not see any errors in the manner in which the learned judge submitted the question of damages to the jury. It was proper to allow the jury to assess damages for pain and suffering sustained as the result of the injury, as well as for any permanent injury proved.

We have nothing to say about the amount of damages allowed by the jury. They may be all right in this particular instance, but this court is often told, and we cannot shut our eyes to the fact, that juries are prone to be more liberal, or perhaps, rather, more unreasonable, in allowing damages against corporations than they are, as against individuals under like circumstances, without reflecting that they are punishing stockholders whose money has built up these useful lines of convenient and speedy transit, and

[Passenger Railway Co. *v.* Donahue.]

who have no active connection with the management of the business whatever, and who are entirely innocent of any wrong occurring in their management. The rule of right is the same whether the party be artificial or natural, and should be so held by courts and juries. It may be so administered, if care be taken by judges on the trial of causes where such parties are involved. Had the precise injury here been inflicted by the trespass and negligence of a private hack-driver, such a verdict would hardly have been sustained, as it would probably have ruined and beggared the owner of the vehicle, and yet the rule of right ought to be the same. I have no sympathy with guilty agents, but a reasonable rule of responsibility should apply to his employers if they are guilty of no negligence in employing him, be that employer a railroad company or a private person; the only difference being in the requirement of greater vigilance necessary in the one case than the other, owing to the difference in power to injure between public and private vehicles.

Judgment affirmed.