## Allegheny Valley Railroad Co. *versus* McLain.

1. To maintain an action of trespass *vi et armis* against an employer, it must appear that the particular injury or act of trespass of the employee was done by his command or with his assent.

2. Philadelphia, Germantown and Norristown Railroad Co. *v.* Wilt, 4 Whart. 142; Yerger et ux. *v.* Warren, 7 Casey 319, followed.

October 24th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas of *Jefferson county*: Of October and November Term 1879, No. 86.

Trespass *vi et armis* by A. B. McLain against the Allegheny Valley Railroad Company, to recover damages for being ejected from the cars of defendant by one of its conductors.

The material facts are stated in the opinion of this court.

*Gordon & Corbet*, for plaintiff in error.—There was not a scintilla of evidence in any part of the case going to show that the defendant in any manner or form commanded, authorized, or permitted the act complained of by the plaintiff. Trespass *vi et armis* will not lie against a railroad corporation for an injury done to the plaintiff, whether such injury be wilful or accidental on the part of the servants of the company, where it does not appear that the particular injury was done by the command or with the assent of the corporation: Philadelphia, Germantown and Norristown Railroad Co. *v.* Wilt, 4 Whart. 142; Yerger et ux. *v.* Warren, 7 Casey 319.

*White & Scott* and *Jenks & Clark*, for defendant in error.—The act of the conductor was in the course of his employment and the company is liable therefor in this form of action: Philadelphia and Reading Railroad Co. *v.* Derby, 14 Howard 468; Philadelphia, Wilmington and Baltimore Railroad Co. *v.* Quigley, 21 Id. 202; Pennsylvania Railroad Co. *v.* Vandiver, 6 Wright 365; Moore *v.* Fitchburg Railroad Co., 4 Gray 465; McCreary *v.* Guardians of the Poor, 9 S. & R. 94.

Mr. Justice STERRETT delivered the opinion of the court, January 5th 1880.

The main question in this case is, whether upon the allegations of fact on which the plaintiff in the court below relied, and which must have been found by the jury, the action of trespass *vi et armis* can be sustained? He contended that the ticket which he purchased and tendered to the conductor was a round trip ticket from Brookville to DuBois; that it was a general ticket, containing no condition limiting its use to trains running between the points

[Allegheny Valley Railroad Co. *v.* McLain.]

named of to a continuous trip from the one point to the other. On the other hand it was contended by the company that the ticket, by conditions printed thereon, was so limited, and therefore not good on the train running only to Reynoldsville. The ticket itself was not produced, but testimony was given by both parties tending to prove, on the one hand, that it was a general, unlimited ticket, and on the other that it was not. The learned judge instructed the jury that if " the conditions of the ticket were that it could be used by the holder thereof for a continuous trip each way only, and only on such trains as stopped regularly at both stations named in the ticket, and the plaintiff offered such ticket to a conductor of a train that did not stop regularly at both stations, such conductor was not bound to take such ticket, and if plaintiff refused to pay his fare on such train, the conductor would have the right to eject him, * * * but, if the plaintiff purchased a ticket which gave him a general right to ride on the defendant's cars from Brookville to DuBois and return, and plaintiff had no notice of defendant's regulations, and there was no contract nor conditions printed or written on his ticket, the conductor had no right to eject him, and if he did so against plaintiff's will, and if the conductor was acting in the scope of his authority plaintiff could recover."

The case thus hinged upon these questions of fact, and in order to reach a verdict in favor of the plaintiff below the jury must have found that the ticket he tendered was unlimited and gave him a general right to ride in defendant's cars. From this it would follow that the conductor was guilty of a trespass if he forcibly ejected the plaintiff from the cars; but, would his employer, the company, be liable unless there was evidence to show that it directed or authorized the act? We think not. It will not do to say that the conductor was acting within the scope of his authority in ejecting from the cars a passenger who tendered an unlimited ticket and had a right to be there. Such authority is not to be presumed, and there is not even a scintilla of evidence that he had any such instructions from the company, express or implied. We have then, upon the plaintiff's own showing, an action of trespass *vi et armis* brought against the employer for an act done by the servant, without the authority, assent or even knowledge of the former. It is well settled that under such circumstances this form of action will not lie. To maintain trespass *vi et armis* against the employer it must appear that the particular injury or act of trespass was done by his command or with his assent: Philadelphia, Germantown and Norristown Railroad Co. *v.* Wilt, 4 Whart. 142; Yerger et ux. *v.* Warren, 7 Casey 319. It follows, therefore, that the learned judge erred in not instructing the jury as requested in defendant's first point, that the plaintiff upon the evidence in the case could not recover in the present form of action.

There is nothing involved in any of the assignments of error that calls for further notice.    Judgment reversed.