## Drexler, Appellant, v. Philadelphia Rapid Transit Company.

*Negligence—Street railway—Master and servant—Employee off duty—Motorman—Shooting in strike—Nonsuit.*

In an action against a street railway company to recover damages for personal injuries sustained by plaintiff in consequence of his being shot by a motorman who fired from the rear platform of defendant's trolley car, the court does not err in entering a nonsuit where it appears that during the progress of a strike the motorman was riding upon the trolley car as a passenger and was not operating the car or doing any other act on behalf of the company, and it further appeared that he had not been furnished with the revolver by the company or by any one on its behalf, and there was no evidence to show that in firing the shot he was acting on behalf, or for the protection of, the company.

Argued Jan. 9, 1914. Appeal No. 314, Jan. T., 1913, by plaintiff, from judgment of C. P. No. 4, Philadelphia Co., Sept. T., 1910, No. 374, refusing to take off nonsuit in case of William M. Drexler v. Philadelphia Rapid Transit Company. Before BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WILLSON, P. J.

The opinion of the Supreme Court states the case.

The trial judge entered a nonsuit which the court in banc subsequently refused to take off. Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*Francis M. McAdams,* with him *William H. Wilson,* for appellant.

*Charles H. Edmunds,* for appellee.

PER CURIAM, February 2, 1914:

In the winter of 1910 there was a strike of street car conductors and motormen in the City of Philadelphia. Much disorder and some rioting resulted from it. While it was in progress an employee of the defendant company, riding on the rear platform of a car, fired two shots from a pistol, one of them striking the appellant. In this action which he brought against the appellee to recover for the injuries he sustained, the court below refused to take off the nonsuit entered by the trial judge. His reason for directing it was that there was no evidence showing that the man who fired the shot did so as the representative of the appellee, or in the performance of any duty which had been imposed upon him as one of its employees. No other conclusion could have been reached. On this appeal it is earnestly contended that the case ought to have gone to the jury, because, from all the facts and circumstances developed at the trial, they might have inferred that the employee was acting within the scope of his employment at the time he shot. This overlooks the fact that it affirmatively appeared that he was not so acting, and, as this appeared from the testimony of appellant's own witnesses, the jury could not have found differently. Altman, who is alleged to have fired the shot, was employed by the appellee as a motorman. At the time he shot he was not operating the car on which he was riding, but, according to the testimony of the motorman who was operating it, was a mere passenger upon it. The superintendent of the company, who had employed Altman, testified that his duties were strictly those of a motor-

man.  This was confirmed by the division superintendent under whom the employee worked, and his testimony was that the duties of the motormen were just the same during the strike as they had been before.  The officer of the company who had employed Altman, and its president and general manager both testified that neither they nor any one under their direction had furnished him with a revolver.  Plaintiff's cause of action, as laid in his statement, was not sustained on the trial in any material particular, and to have allowed the jury to infer that appellee's employee at the time he shot had acted for it, either under express authority from it or in the performance of any duty connected with his employment, would have been a license to return a finding unsupported by any evidenec.

Judgment affirmed.