# Rohrback, Appellant, v. Pennsylvania Railroad Company.

*Master and servant—Railroads—Respondeat superior—Wilful assault by servant—Pullman porter.*

1. An employer is not liable for trespass committed by a servant on the latter's own responsibility, to accomplish his own purpose, and under conditions which the employer could not reasonably have anticipated.

2. In an action of trespass against a railroad company to recover damages for a personal injury received by the plaintiff at the hands of a porter employed upon a Pullman car operated upon defendant's line, on which plaintiff was a passenger, a judgment for the plaintiff is properly set aside where negligence is neither alleged nor proved and it appears from plaintiff's case that the injury complained of was the result of a wilful assault without other purpose than to inflict injury and punishment for personal insult and therefore could not have been in the discharge of any duty owing the employer.

Argued January 13, 1914. Appeal, No. 298, Jan. T., 1913, by plaintiff, from judgment of C. P. No. 3, Philadelphia Co., Sept. T., 1909, No. 432, for defendant non obstante veredicto in case of Morris Rohrback v. Pennsylvania Railroad Company. Before MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

1914.]     Assignment of Error—Opinion of the Court.

Trespass for a personal injury.   Before DAVIS, J.

The jury found a verdict for plaintiff.   Upon motion of defendant the court entered ·judgment for defendant non obstante veredicto.

The opinion of the Supreme Court states the case.

*Error assigned,* among others, was in entering judgment for defendant non obstante veredicto.

*John J. McDevitt, Jr.,* with him *John C. Bell,* for appellant.—The case was for the jury: Kelly v. R. R. Co., 236 Pa. 110; Penna. Co. v. Roy, 103 U. S. 451; Nelson v. Ill. Cent. R. R. Co., 53 Southern Rep. 619; Valentine v. R. R. Co., 126 Pa. 99; Hayne v. Union St. Ry., 189 Mass. 551; Haver v. R. R. Co. of N. J., 62 N. J. L. 282; Greb v. Pa. R. R. Co., 41 Pa. Superior Ct. 61; Atherholt v. P. R. R. Co., 199 Pa. 408; ·Brennan v. Merchant & Co., 205 Pa. 258; Chicago Eastern R. R. Co. v. Stratton, 111 Ill. App. Ct. 142.

*C. Andrade, Jr.,* with him *J. Frederick Jenkinson,* and *Sellers & Rhoads,* for appellee.—In committing this assault, the porter acted outside the line of his duty, and to gratify his personal feelings, and therefore the defendant is not liable: Ware v. Barataria, 15 La. 169; Vanderbilt v. Richmond Turnpike Co., 2 N. Y. 479; Brokaw v. R. R. Co., 32 N. J. L. 328; R. R. Co.. v. Wetmore, 19 Ohio St. 110; Cassidy v. Pullman Palace Car Co., 17 So. R. 373; Goodloe v. R. R. Co., 107 Ala. 233; Walton v. New York Central Sleeping Car Co., 139 Mass. 556.

OPINION BY MR. JUSTICE STEWART, February 9, 1914:

The injury of which the plaintiff complains, and for which he seeks to recover damages from the defendant, was received at the hands of a Pullman porter.   Plaintiff became a passenger for hire on one of the defendant company's trains at Jersey City, his destination being Philadelphia.   He purchased at the same time from the

Pullman company the right to occupy a seat in one of its cars during the journey, with the incidental privileges. Soon after plaintiff had boarded the train, and before it had started, he became involved in a somewhat angry controversy with the Pullman porter, a colored man, charging a discrimination on part of the porter in giving priority in service of meals to some who had ordered later than he had done. The plaintiff insisted on being served at once, and the porter insisting on serving first some ladies in the same car, the controversy within the car ended by plaintiff remarking to the porter, "Well, I will see whether you will serve me or not." Plaintiff at once proceeded to look for the Pullman conductor to make a complaint. The conductor was at the time on the platform directing entering passengers where to be seated. Plaintiff advanced, and was standing on the lower step of the car when he addressed this remark to the conductor: "What does the black bastard mean in there by showing me up before a car full of ladies?" Immediately upon his uttering these words the porter, who had followed the plaintiff in his search for the conductor and was standing close behind the plaintiff, struck the latter a violent blow. It is this violent act on the part of the Pullman porter that is the subject of the present complaint. The trial resulted in a verdict for the plaintiff, which upon motion of defendant was set aside, and judgment was entered for defendant non obstante. This appeal followed. The learned trial judge rested his final conclusion on several grounds. Since the one to which we are about to refer was entirely sufficient in itself, the others need not be reviewed. It does not concern us to inquire into the relations between the Pullman company and the defendant company; nor does the case depend on the question whether the porter was a servant of the latter. The action was against the railroad company as a common carrier, and the one question in the case is the sufficiency of the evidence to charge the defendant with liability for the assault. It

was virtually an action of trespass vi et armis, and before our Procedure Act of 25 May, 1887, it must have been so brought.  Since negligence was neither alleged nor proved, the one determining question must be, assuming that the porter was the servant of the railroad company, was the assault committed at the command or with the consent of the employer?  If it was committed in the course of the porter's employment, or in the line of his duty, so much might be inferred; but here we have absolutely nothing to show what the duties of the porter were, while it is made manifest from the plaintiff's own narrative of the circumstance that the assault was a wilful act without other purpose than to inflict injury and punishment for personal insult, and therefore, could not have been in the discharge of any duty owing the employer.  Eliminating from the case the question of whether the defendant directed the assault to be made or assented to it, and the further question of negligence—for as we have said there is absolutely no evidence in support of either—we have here a case where the employer was sought to be held liable for trespass committed by a servant on the latter's own responsibility, to accomplish his own purpose, and under conditions which the employer could not reasonably have anticipated. "To maintain trespass vi et armis against the employer it must appear that the particular injury or act of trespass was done by his command or with his assent." Allegheny Valley Railroad Co. v. McLain, 91 Pa. 442; Pennsylvania Co. v. Toomey, 91 Pa. 256; Pitts., Allegheny & Manchester Passenger Railway Co. v. Donahue, 70 Pa. 119.  The case calls for no further discussion.

The assignments of error are overruled and the judgment is affirmed.