# Win, Appellant, *v.* Atlantic City Railroad Company.

*Negligence—Railroads—Assault by brakeman on passenger—Nonsuit.*

Where a passenger on a railroad car was assaulted by a brakeman, his action against the company to recover damages for personal injuries thus sustained, was properly nonsuited where the assault was wilful and malicious and nothing was shown from which it could have been reasonably inferred that it had been committed in the line or discharge of any duty to the defendant.

Argued Jan. 15, 1915.   Appeal, No. 306, Jan. T., 1914, by plaintiff, from judgment of C. P. No. 3, Philadelphia Co., March T., 1897, No. 773, refusing to take off nonsuit in case of Jonas Win, Administrator of Jacob Win, deceased, v. Atlantic City Railroad Company.   Before BROWN, C. J., MESTREZAT, STEWART, MOSCHZISKER and FRAZER, JJ.   Affirmed.

Trespass for personal injuries.   Before FERGUSON, J.
The opinion of the Supreme Court states the case.

The court entered a nonsuit which it subsequently refused to take off.   Plaintiff appealed.

*Error assigned* was in refusing to take off nonsuit.

*Harry D. Wescott,* of *Wescott, Wescott & McManus,* for appellant.

*William Clarke Mason,* for appellee.

PER CURIAM, February 8, 1915:

On March 9, 1897, Jacob Win, while on a car of the defendant company, was assaulted by a brakeman in its employ.   He promptly brought suit against it for the injuries inflicted upon him by the brakeman, but the case

was not called for trial until February, 1910, when a verdict was returned for the defendant. The following March a new trial was granted. Win died December 3, 1913, and his administrator was shortly after substituted as plaintiff. On the second trial, which took place in March, 1914,—seventeen years after the assault—a judgment of nonsuit was directed by the trial judge, for the reason that it did not appear that the brakeman was acting in the line of his duty at the time he assaulted the deceased. From the refusal of the court below to disturb the nonsuit we have this appeal.

Nothing is to be found in the brief testimony submitted by the plaintiff which would have justified the learned trial judge in submitting to the jury the question of the railroad company's responsibility for the act of its brakeman. All that appeared was that he had committed a wilful and malicious assault, but as nothing was shown from which it could have been reasonably inferred by the jury that it had been committed in the line or discharge of any duty to his employer, the motion for the judgment of nonsuit could not have been denied: Berryman v. Pennsylvania Railroad Company, 228 Pa. 621; Rohrback v. Pennsylvania Railroad Company, 244 Pa. 132.

Judgment affirmed.