## Lowry *v.* Singer Sewing Machine Company, Appellant.

*Trespass—Assault and battery—Bailment—Removal of leased sewing machine.*

In an action against a sewing machine company to recover damages for assault and battery committed on the plaintiff by an alleged agent of the defendant while removing a sewing machine leased under a contract of bailment, it is reversible error for the court to refuse to permit the defendant to show that the person who committed the assault was not employed to remove the sew-

ing machine, that no one having authority requested him to so act, and that his presence and actions at the time and place were wholly without the limits of his employment.

In such a case where the contract of bailment gave to the defendant the right to enter the plaintiff's premises if there should be a default in the payment of rental, and to take away the machine without liability in an action for trespass or damages, the defendant has a right to show a default in the payment of rent, and the plaintiff cannot claim that trespass was committed by a proper employee of the defendant entering the house in order to remove the machine.

Submitted Nov. 30, 1913.   Appeal, No. 168, Oct. T., 1915, by defendant, from judgment of Municipal Court Philadelphia Co., March T., 1915, No. 423, on verdict for plaintiffs in case of George Lowry and Mary Lowry, his wife, v. Singer Sewing Machine Company.   Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.   Reversed.

Trespass for assault and battery.   Before BONNI-WELL, J.

At the trial the plaintiff testified that she was assaulted by one Goldberg alleged to be an agent of the defendant, while he and another man were removing a sewing machine of which the plaintiffs had possession under a contract of bailment with the defendant.

When Nathan T. Skinner, managing salesman of the defendant, was on the stand, he was asked this question:

Q.—You are employed by what company?

A.—The Singer Sewing Machine Company.

Q.—Have you a contract with them?

A.—Yes, sir.

Q.—I show you a contract dated February 10, 1913, and ask you if that is your signature, and if that is your contract upon which you are working for this company.

Objected to.   Objection sustained .

Exception for defendant.

Mr. Eaton.   I offer to prove by this witness that the authority given him by the defendant company and the

scope of that authority was contained in the contract; that he had no authority to send Goldberg to the house of Mrs. Lowry and that Goldberg was not employed by him and prior to September 17, 1914, knew nothing about the case of Mary Lowry; that it was not a part of Goldberg's duties with the company to visit the house of Mary Lowry; that in doing so his action was purely that of a volunteer, not in the scope of his employment nor in the line of his duty.

Objected to.  Objection sustained.

Exception for the defendant.  (3)

The court charged in part as follows:

The plaintiff's story is, that having the machine in her possession, the agents of the defendant company came there, and, against her protest, forcibly removed it.  I say to you, as a matter of law, if that is found by you to be a fact, [they had no right to so remove it, and the removal in itself was a trespass, and the plaintiff would be entitled to damages.  If, in removing it, violence was used upon Mrs. Lowry, causing her injuries, that would be aggravation of damages for which you might find punitive damages].  (8)

Verdict and judgment for George Lowry for $101.00 and for Mary Lowry for $275.00.  Defendant appealed.

*Errors assigned* were (3.) rulings on evidence quoting the bill of exceptions and (8) above instructions quoting them.

*Arthur B. Eaton,* for appellant.—When the plaintiff rested his case there was no competent evidence such as would legally warrant the court, in instructing the jury as a matter of law, or justify a jury in finding as a fact that the alleged assault was committed by a servant or agent of the defendant company: Smith v. Evans & Co., 56 Pa. Superior Ct. 626, 631; Bellman v. P. & A. Valley R. R. Co., 31 Pa. Superior Ct. 389; Stewart v. Machine Co., 200 Pa. 611; Hoskins v. Peoples, 42 Pa. Superior Ct.

611; Conners v. P. R. R. Co., 24 Pa. Superior Ct. 241; Shay v. American Iron, Etc., Works, 218 Pa. 172; Rudgeair v. Reading Traction Co., 180 Pa. 333; Christian v. P. R. T. Co., 244 Pa. 391; Guille v. Campbell, 200 Pa. 119; Simmons v. Penna. R. R. Co., 199 Pa. 232.

*D. W. Hulburd*, for appellee.

OPINION BY HENDERSON, J., March 1, 1916:

The plaintiff's statement charges the defendant with responsibility for an assault and battery committed by one Goldberg who is alleged to have been its agent. The testimony in support of the action is to the effect that Goldberg and another man, whose name was Bylock, came to the plaintiff's house and demanded a Singer sewing machine which she held on a lease with a privilege of purchase, on which lease there were arrears of rent. The plaintiff refused to give up the machine, whereupon Goldberg and Bylock undertook to carry it out of the house. The machine contained some things a part of which Goldberg or Bylock threw out of the drawers. The actual assault is thus described by the plaintiff: "Then I pulled the machine back to get the other things from the drawers and as I did he hit me in the stomach and knocked me against the gas stove and bruised my limb." The machine was taken away by the men and placed in a wagon which had painted on the side the word "Singer." The court refused a motion for judgment of nonsuit, whereupon the defendant presented the offers of proof contained in the 4th, 5th and 6th assignments of error, by which it proposed to show that Goldberg's action was purely that of a volunteer and not in the line of his duty nor within the scope of his employment. The specific offers were to prove that Goldberg had no authority to go to the house of Mrs. Lowry; that it was not a part of his duties to look after the Lowry account and that he was not acting within the scope of his employment nor by direction of the defendant in

so doing. To establish this proposition testimony was offered to show how Goldberg came to go to Mrs. Lowry's, to show what he was employed to do and the scope of his employment with the defendant. Goldberg's contract with the defendant which contained the authority given him and recited the duties which he was to perform was also offered. It was proposed to prove that he had no connection with the district in which Mrs. Lowry lived, nothing whatever to. do with her contract and was not permitted to take possession of a machine against the objection of a lessee. The court rejected all of these offers and the case, therefore, went to the jury without any evidence to show the nature of Goldberg's employment, the character of his contract or the scope of his employment. There was no evidence that Bylock was employed by, or acting for, the defendant or was in any way connected with its business. As the plaintiff seeks to hold the defendant for the act of a servant it is important to know the character of the employment of such servant. A master is not liable for the independent trespass of his servant; nor is he liable for an injury done outside of the servant's employment. The application of the principle respondeat superior does not extend to the case of a purely personal trespass nor to an injurious act done by a servant without the direction of his employer and not within the scope of his employment: McFarland v. Penna. R. R. Co., 199 Pa. 408; Christian v. Rapid Trans. Co., 244 Pa. 392; Berryman v. Penna. R. R. Co., 228 Pa. 621; Drexler v. Transit Co., 244 Pa. 18; Greb v. Penna. R. R. Co., 41 Pa. Superior Ct. 61. Where the employer gives his employee authority to do the thing complained of or makes it his duty to act in respect to the business in which he was engaged when the wrong was committed and the act complained of was done in the course of this employment responsibility arises where the servant abuses his authority or inflicts unnecessary injury in executing his orders. It is because the employer commits to his servant the management of

the particular business and thereby gives him a position of responsibility that he may be held liable for the servant's unlawful act. But all the cases hold that where a trespass is committed by an employee outside of the line of his duty under his employment even if committed while the aggressor is in the service of the defendant the employer is not liable for such wrongful act. When, therefore, the defendant offered to show that Goldberg was not employed to do the thing which it is alleged he did, that no one having authority requested him to so act and that his presence and actions at the time and place were wholly without the limits of his employment the evidence should have been admitted. It was in line with the defense which the law permits and which the defendant undertook to set up. An instructive application of this doctrine is found in Drexler v. Trans. Co., supra. It was the right of the defendant to present evidence showing the absence of responsibility for the trespass complained of because the persons engaged in the transaction were not acting under the direction of the defendant nor within the scope of any employment which they were authorized to exercise.

The third and eighth assignments relate to the right of the defendant to remove the machine. The contract under which the plaintiff held the sewing machine provided for the payment of rent thereon at the rate of two dollars per month for twenty-two months and contained the provision that if default be made in any of said payments the lessee was to deliver the machine to the company and authority was also granted to the lessor or its agents "to enter the premises wherever said machine may be and take and carry the same away, hereby waiving any action for trespass or damages therefor." The defendant offered to show that the plaintiff was in default in her payments of rent. This evidence was objected to and excluded. The jury would probably understand the language of the court as contained in the 8th assignment to mean that a lawfully authorized agent of

the defendant would not be justified in going to the plaintiff's house and removing the machine, but in view of the plaintiff's obligation to give it up and permit its removal in case of her default such instruction was erroneous. It is not to be understood, of course, that the authority granted in the lease would excuse an assault and battery by the defendant's agents but the mere fact of going to the house and taking the machine without such assault and without a breach of the peace was not unlawful if default had occurred in the payment of the monthly installments. That question is only incidentally important for if the trespass complained of was not committed by an agent who was authorized to act for the company in removing the machine the defendant could not be held for the unlawful conduct. If Goldberg was authorized either by particular direction or by the character of his employment to act for the defendant in the situation and if the plaintiff were in arrears under the lease the trespass committed was not in going to the house and undertaking to remove the machine but in the attack on the plaintiff alleged to have been committed by the agent. Evidence of the state of the account between the plaintiff and the defendant might become material therefore, to show that the defendant's agent was not committing a trespass in going to the house and undertaking to remove the property.

The judgment is reversed with a venire facias de novo.