## Wildasin v. Martin-Parry Corporation.

*Practice and jurisdiction, J. P.—Automobile collision—Appeal to Common Pleas.*

1. If a justice of the peace is without jurisdiction of a cause of action, the Common Pleas has no jurisdiction thereof on appeal.

2. To maintain trespass *vi et armis* against an employer for the act of his employee, it must appear that the particular injury or act of trespass was done by the employer's command or with his assent.

3. A justice of the peace does not have jurisdiction of an action to recover damages resulting from the negligent driving of a motor-truck driven by the defendant's employée, where it is not shown that the particular act resulting in the damages was done by the defendant's command or with his assent.

Affidavit of defence raising questions of law. C. P. York Co., Jan. T., 1921, No. 115.

*H. A. Gross*, for plaintiff; *J. E. Small* and *V. K. Keesey*, for defendant.

Ross, J., Feb. 6, 1922.—The record shows that this case came into this court on an appeal from an alderman of the 1st Ward of the City of York, Pa.

The alderman's transcript shows that a summons in *assumpsit* was issued for the plaintiff against the defendant corporation, and was duly served on Oct. 18, 1920.

On Oct. 23, 1920, a hearing was had and judgment for $81.87, with costs of suit, was entered in favor of plaintiff and against defendant.

The defendant did not appear at the hearing, but took an appeal to this court on Nov. 3, 1921.

The plaintiff filed his statement and served it on defendant June 14, 1921.

The statement shows: That on Aug. 12, 1920, plaintiff owned a certain automobile, which he was using and operating on a public highway in West Manheim Township, York County, aforesaid, and was traveling northwardly. That defendant, by its employee, was also operating an auto-truck, and was traveling southwardly on said highway. That defendant's auto-truck was run "illegally and in an unlawful manner and at a high and unlawful rate of speed." That defendant "wilfully or with such gross negligence as to amount to wantonness, . . . by its agents, servants and employees, collided with and crashed into plaintiff's automobile." "By reason of said collision, plaintiff's automobile was broken and injured." That "the said collision and the resulting injuries and damage to plaintiff's automobile were the direct result of the failure of the defendant, its agents, servants and employees, to observe the law of the road and the wanton and wilful, reckless and careless operation of defendant's auto-truck at a high and unlawful speed and on the plaintiff's right-hand side of said public highway."

The affidavit of defence says:

"1. The plaintiff's statement does not set forth a good cause of action in *assumpsit.*

"2. The remedy for the acts complained of is by action of trespass and not by action of *assumpsit.*

"3. The cause of action set out in the plaintiff's statement was not within the jurisdiction of the alderman before whom this action was originally brought."

An action before a justice of the peace depends, not so much upon the form in which it is brought as upon what the facts show was the cause for which it was brought. The statement filed shows that the cause of action was a trespass or transgression. Therefore, the action should be one of trespass. This is the only question involved in the first and second questions of law raised by the affidavit of defence.

The third question of law raised is the important one to be considered by us, for it has been decided that "if a justice of the peace has no jurisdiction of the cause of action, either under the Act of March 20, 1810, 5 Sm. Laws, 161, or the Act of March 22, 1814, 6 Sm. Laws, 182, the Common Pleas has no jurisdiction thereof on appeal:" Deihm v. Snell, 119 Pa. 317; Birkhead v. Ward, 35 Pa. Superior Ct. 235. The question of want of jurisdiction can be raised even in the Supreme Court, though the question was not raised in the Common Pleas Court at the trial upon an appeal from the judgment of a justice of the peace: Hill v. Township, &c., 129 Pa. 525. The facts related in the plaintiff's statement show that the cause of the action before the alderman was trespass on the case. "The action of trespass upon the case lies where a party sues for damages for any wrong or cause of complaint to which covenant or trespass will not apply:" Stephen on Pleading, 16, 17; Edition published in 1867 by Heard; 1 Chitty's Pleading, 149. "If the injury is only consequential, a special action of trespass on the case may be brought:" 3 Bl. Com., 209; 3 Lewis's Bl. Com., 1193; 3 Bl. Com., 123. It is, therefore, plain that the cause of action is trespass on the case. It has been decided that: "A justice of the peace has jurisdiction over trespass only where the trespass is *vi et armis* and the injury is immediate; his jurisdiction under the Act of 1814 did not extend to injuries for the redress of which the action of trespass on the case was the appropriate and exclusive remedy. If a justice of the peace has no jurisdiction of the cause of action, either under the Act of 1810 or the Act of 1814, the Common Pleas has no jurisdiction:" Birkhead v. Ward, 35 Pa. Superior Ct. 235.

From the statement we learn that the act for which the plaintiff seeks to recover damages was committed by defendant's "agent," "servant" or "employee." "To maintain trespass *vi et armis* against the employer, it must appear that the particular injury or act of trespass was done by his command or with his assent:" Drew v. Peer, 93 Pa. 234; Allegheny Valley R. R. Co. v. McLain, 91 Pa. 442; Pennsylvania Co. v. Toomey, 91 Pa. 256; Pittsburgh, Allegheny & Manchester Pass. Ry. Co. v. Donahue, 70 Pa. 119, cited in Rohrback v. Pennsylvania R. R. Co., 244 Pa. 135. "A claim for damages done to plaintiff's automobile by defendant's wagon in charge of his son is not within the jurisdiction of an alderman:" Forbes v. Bucher, 19 Dist. R. 841. The foregoing decisions render the questions of law fatal to the plaintiff's action.

And now, Feb. 6, 1922, the questions of law raised by defendant's affidavit of defence in this case are sustained, and judgment on said questions of law is now given in favor of the defendant.

From Richard E. Cochran, York, Pa.