## Reight et ux. *v.* Hamburger, Appellant.

*Assault and battery—Damages—Retaking possession of leased property—Undue violence—Agency—Case for jury.*

In an action for damages for assault and battery by an agent of defendant, committed while taking possession of some furniture held by plaintiff under a bailment lease, the case is for the jury and a verdict for plaintiff will be sustained, where evidence is produced that the agent used undue violence in accomplishing his purpose.

The question of what was within the course of the agent's employment and whether what occurred was so performed was for the jury.

Argued April 20, 1923.   Appeal, No. 111, April T., 1923, by defendant, from judgment of C. P. Allegheny Co., July T., 1919, No. 2248, on verdict for the plaintiff in the case of Frank P. Reight, and Alvira Reight, his wife, v. A. Hamburger.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before REID, J.

The facts are stated in the opinion of the Superior Court.

Verdict for the plaintiff, Frank P. Reight, in the sum of $700 and in favor of plaintiff, Alvira Reight, in the sum of $800 and judgment thereon.   Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment non obstante veredicto.

*J. M. Friedman,* for appellant.—The seller of goods is not liable for an assault by its installment collector while attempting to seize the goods where he was instructed not to take the goods when payment of installment was refused: Finneran v. Singer Mfg. Company, 20 App. Div., 574 N. Y. Supp. 284; McGrath v. Michaels, 80 App. Div. 458, 81 N. Y. Supp. 109; Murphy v. Buck-

Arguments—Opinion of the Court. [81 Pa. Superior Ct.
ley Newhall Co., 151 App. Div. 520, 136 N. Y. Supp. 309; Callahan v. Hyland, 59 Ill. App., 347.

*Ralph P. Tannehill,* and with him *R. P.* and *M. R. Marshall,* for appellees.

OPINION BY LINN, J., July 12, 1923:

Defendant appeals from judgments for husband and wife in a suit for damages resulting from injury to the wife. The only complaint is that judgment n. o. v. was refused.

Plaintiff Frank P. Reight leased furniture from defendant, with the right to purchase "by paying the lessor one cent purchase money," after complying with the lease. He got back in the rent. On June 7th, defendant sent his agent to the plaintiff's house (the second to call that day). The agent testified, among other things, that his duty was "to look after delinquent accounts, or accounts that people refused to pay the regular collector and the regular channels." The controversy in the case centers on what happened when this agent called. The wife testified that as she was about to open the door "he pushed it in. He says to me he was Hamburger's furniture man, and that he came for the things. I says, 'Well, I wanted you to see Mr. Reight, I think he made arrangements with them.' He says, 'I don't see Mr. Reight.' He says, 'I want the goods,' and he pushed me, and knocked me up against the wall, and I was dazed, and he grabbed hold of me, but I don't remember where it was he grabbed me, and that is all I know until I came to."......"Q. What happened after you say he pushed you? A. The door knob hit me......and knocked me against the wall the way he shoved. I tried to get to my feet, and he grabbed hold of me and says, 'I am going to take the goods.' After I came to I was upstairs in bed." She regained consciousness the next day.

Defendant's agent denied that he pushed the door against the plaintiff or otherwise injured her. He said

he was admitted to the house and informed her that "the reports we have gotten do not seem satisfactory, and I thought I would come over here and ascertain the facts myself, because I have charge of this, and I want to give you all of the time we can in regard to making these payments, but you have been so far delinquent in them that we want to know whether it is justifiable to extend time to you or not." He testified he heard her explanation of the delay and "said 'all right' and then I left."

The court instructed the jury in a charge of which no complaint is made, to determine whether defendant's agent injured the wife in the course of performing his duty to his employer, or whether in the circumstances shown, the assault, if made, was outside the scope of the employment. For the purposes of this appeal, the verdict settled the fact against defendant and we are bound by the finding. On the evidence, which was disputed, the question of what was within the course of the employment, and whether what occurred, was so performed, is for the jury: McClung v. Dearborne, 134 Pa. 396; Marcus v. Gimbel Brothers, 231 Pa. 200; McLaughlin v. Singer Sewing Machine Co., 75 Pa. Superior Ct. 533.

Judgments affirmed.