## Skvorc *v.* Hager, Appellant.

*Negligence—Assault—Action against employer for assault committed by employe—Authority of employe—Respondent superior.*

In an action of trespass to recover damages for personal injuries, the evidence established that plaintiff was assaulted by one of defendant's employees, who had been instructed to keep trespassers off defendant's mining premises. The assault took place on a public street nearly half a mile from the mines. While there was evidence that the employee was authorized to keep off trespassers, there was no evidence that the employee was authorized to leave the premises, and on the public highway, to hunt persons whom he might suspect as possible trespassers at some future time. On the morning the assault took place, the employee had not reached his place of employment for his day's work.

In such case the employee was without authority in conducting himself as he did and judgment for the plaintiff against the latter will be reversed.

The general rule is that the employer is liable for the wrongful acts of his employees if done in the course of their employment in the employer's service, but not otherwise. The employer is liable for such acts of the employee as were necessary to be done in accomplishing the purpose of the employment, or which should have been anticipated by the employer as reasonably possible in the circumstances surrounding a transaction under consideration.

KELLER, J., dissents.

Argued April 17, 1928. Appeal No. 416, April T., 1928, by defendant from judgment of C. P., Cambria

County, June T., 1924, No. 718, in the case of Paul Skvorc v. Harry V. L. Hager, trading and doing business as The Colonial Coal Company, Appellant. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Trespass to recover damages for personal injuries. Before McCANN, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $704 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was the refusal of defendant's motion for judgment non obstante veredicto.

*Philip N. Shettig,* for appellant.

*W. Stephens Mayer,* and with him *Harry Doerr,* for appellee.

OPINION BY LINN, J., July 12, 1928:

Skvorc was beaten by Shook and for the injury inflicted has judgment on a verdict in trespass against Shook's employer Hager, the appellant. The only complaint here is that the court erred in refusing defendant's request for binding instructions and his motion for judgment n. o. v.

Appellant operated a coal mine in a region where some miners were on strike and others at work. Plaintiff's contention below was that Shook, who was appellant's mine boss, had also been instructed by appellant to keep trespassers off his land and in performing that service had beaten plaintiff, who was not on the land.

Appellant offered evidence to show that while Shook was on his way to work, and before seven o'clock,

which was the hour when he should have gone on duty, and some time before he had reached the mining property, he was attacked by six or seven men (plaintiff among them) and was thrown into a river nearby, and was stoned, and that his assault on Skvorc as one of his assailants then followed. As the verdict was against defendant, we lay aside that account, and take the oral evidence and inferences from it favorable to plaintiff and reject the rest, and understand it to be established that Shook was authorized to keep trespassers off appellant's property.

Nevertheless, plaintiff is confronted with a legal principle which prevents recovery. The record shows clearly that in beating Skvorc, Shook was acting outside the scope of his employment, and when, as in this case, the facts on that point are not in dispute, the question is one of law to be decided by the court: Murphey v. P. R. T. Co., 30 Pa. Superior Ct. 87, 92; Sarver v. Mitchell, 35 Ib. 69; Riddell v. P. R. T. Co., 80 Ib. 176, 183; Guille v. Campbell, 200 Pa. 119; Lotz v. Hanlon, 217 Pa. 339.

The statement of claim averred that "plaintiff was lawfully standing on Central Avenue ...... a public highway in the city of Johnstown, waiting for a street car .........." when he was attacked. He testified that at about 7 A. M. he stood on Central Avenue, a paved street "close to the street car line track that runs to Windber" at a car stopping place, and on "the side where you get on the car" waiting to take the car to Windber; that while so waiting, "Hager's boss [Shook] came over there and told me that the place where I was standing was ground of this Hager's property;" "Now you lose yourself immediately or disappear, or something like that and before another word could be said he struck a blow at my face, right in the jaw." He testified that the place where he stood on the street when attacked was "about half a mile" from appellant's mining property. Plaintiff put in evidence

a deed showing that defendant owned 4 lots of ground about there, but a lease was also put in showing that in 1919 Hager had leased those lots to a lessee still in possession, and that the term had not expired at the time of the assault; we consider those lots of no consequence in determining the point involved in this appeal.

Plaintiff called a witness Gorentz, who testified that "about between 6 and 7 o'clock in the morning" he was standing on the highway with Skvorc "three feet near street car rail" waiting for the Windber car. He said "Well, I was standing there and Shook came around in a street; he come up and say 'Well, get out from Hager's property; Hager have appoint me for chasing people away' and then he hit Paul." Q. "Was he mad?" A. "Who?" Q. "Shook." A. "I didn't know he is mad; must have been mad, give fellow that much punch."

Shook is of course liable for his own conduct, but there is no evidence to make appellant responsible for the attack on plaintiff on Central Avenue. Appellant's mining property was nearly half a mile away. There is no evidence that Shook was authorized to leave that property, and on the public highway, to hunt persons whom he might suspect as possible trespassers at some future time; he was a mine boss, whose regular work, according to the statute would be at the mine, and on this morning, he had not yet reached his place of employment for his day's work.

To sustain the judgment we must hold that an employee authorized to keep trespassers off property may leave it, or never need reach it, and at a point nearly half a mile away from it and without provocation, may assault an innocent person standing on a public highway, and we must reach that conclusion on the theory that the employe's authority to do so is implied from his employment as mine boss with authority to eject trespassers. This we may not do.

The general rule is that the employer is liable for the wrongful act of his employe if done in the course of his employment in the employer's service, but not otherwise. The employer is liable for such acts of the employe as were necessary to be done in accomplishing the purpose of the employment, or which should have been anticipated by the employer as reasonably possible in the circumstances surrounding a transaction under consideration. The subject was exhaustively considered by this court in Greb v. P. R. R., 41 Pa. Superior Ct. 61, and by other cases cited in Riddell v. Philadelphia Rapid Transit Co., 80 Pa. Superior Ct. 176. At most the evidence supports a finding that Shook's service was to be performed on or about defendant's mining property, and that he was authorized to keep off trespassers; there is no evidence to sustain an implication that he was authorized or permitted to perform that duty at a point nearly half a mile from the property; it is not a case of abuse of authority (as in McClung v. Dearborne, 134 Pa. 396; Reight v. Hamburger, 81 Pa. Superior Ct. 571) but of absence of authority. In Rudgeair v. Reading Traction Co., 180 Pa. 333, the motorman assaulted the driver of a wagon that blocked the passage of the car; although the removal of any obstacle to the progress of the car was in the interest of the employer, it was held that to accomplish that purpose, the motorman had no implied authority to assault the driver of the obstacle, and that the act was not done in the course of his employment. Murphey v. P. R. T., 30 Pa. Superior Ct. 87, is to the same effect in quite similar circumstances. In Greb v. P. R. R. (supra) where passengers in the act of leaving the station were assaulted by a brakeman and a conductor, responsibility of the employer was not implied, notwithstanding the standard of duty of a railroad company to its passengers; see also Scanlon v. Suter, 158 Pa. 275; Rwy. Co. v. Donohue, 70 Pa. 119. In Christian v. P. R. T. Co., 244 Pa. 391, the rule was

again considered, and it was held that an employee engaged in assigning new men to street cars in a carbarn during a strike, was not authorized on the street to shoot a man after a stone had been thrown at the car on which the employe was riding. To the same effect is Drexler v. P. R. T. Co., 244 Pa. 18.

Of the two cases relied on by appellee, Brennan v. Merchant & Co., 205 Pa. 258, was a case of abuse of authority, not the absence of it; and in Blaker v. Electric Co., 60 Pa. Superior Ct. 56, the evidence of authority was disputed, so that it became a question for the jury to determine whether the deviation of the chauffeur was within the scope of his authority, an element not in this case, because we predicate our conclusion on the evidence of plaintiff, without considering the evidence for the defense inconsistent with plaintiff's account.

The judgment is reversed and is here entered for the defendant.

DISSENTING OPINION BY KELLER, J.:

I cannot agree that the evidence, when considered in the light most favorable to the plaintiff, showed a total absence of authority in Shook to act for the defendant. While it is true that the defendant's mine shaft was half a mile distant from the scene of the assault, there was evidence that the defendant's land extended to the street, where the plaintiff was standing, and had to be crossed by any one going to the mine. A strike was in progress at the mine, and the defendant had instructed Shook to keep every one off his property including "that lot of ground there where they were" (21-a). The plaintiff claimed he was on the public highway. Shook disputed this and claimed he was on the defendant's land and ordered him off. A witness for the plaintiff gave evidence that in the trial of the criminal case against Shook the defendant had testified: "That the duties of Mr. Shook were to

keep every one off their property" (18-a); "Mr. Hager ...... had a very large map of his mine, showing the location of this ground. The defense set up in that case was that Mr. Shook was acting in the performance of his duties" (19-a); "One of the pivotal points on which the [criminal] case turned was whether this plaintiff was on the ground of Mr. Hager or adjacent ground. The plaintiff here claimed that he was on the public highway. Mr. Shook and some other witnesses testified as to his location, which placed it on this lot of ground to which I have referred, belonging to Mr. Hager" (19-a); "He [the defendant] testified that Mr. Shook had authority to keep every one off of that property and that lot of ground where they were" (21-a); "There was a map showing ownership of property by Mr. Hager down at the street car line and that was included in the words 'their property'" (22-a); "As I gathered from the criminal case, this was the point where the men would go up to the Hager mine and they were there to prevent them from going up" (23-a).

The jury could find from this evidence, which we cannot disregard, an abuse by Shook of the authority committed to him by the defendant justifying the verdict and judgment in this case: Reight v. Hamburger, 81 Pa. Superior Ct. 571, 573; McClung v. Dearborne, 134 Pa. 396; Marcus v. Gimbel, 231 Pa. 200.