## McFarlan v. Pennsylvania Railroad Company, Appellant.

*Negligence—Master and servant—Railroads—Trespass by employee outside of line of duty.*

For a wilful or intentional trespass by an employee outside of the line of his duty under his employment it is settled that the employer is not responsible, even though it be committed while the servant is in the exercise of his employment. But in the latter case, its wilful and separate character must appear.

In an action against a railroad company where the plaintiff, an intending passenger, declares as for an unprovoked assault upon him by the conductor as he was about to enter a train, and the defense is a total denial of the assault, a verdict for the plaintiff will be sustained, notwithstanding the declaration as for an unprovoked assault, where there is evidence that what the conductor did was not only in the course of his employment, but in the supposed performance of his duty in the orderly management of the passengers leaving and entering its train.

Argued Feb. 12, 1901. Appeal, No. 323, Jan. T., 1901, by defendant, from judgment of C. P. Chester Co., Oct. T., 1899, No. 48, on verdict for plaintiff, in case of John D. McFarlan v. Pennsylvania Railroad Company. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for an assault by a conductor. Before BUTLER, J.

At the trial plaintiff produced evidence which tended to show that on August 2, 1899, as he was about to enter a car at Frazer station, the conductor on the train seized him by the back of his coat collar and threw him to the ground, injuring him severely. One of the witnesses testified that when the conductor caught hold of plaintiff, he said, " Stay off until the people get out." The conductor when on the stand denied that he had touched the plaintiff, or had in any way interfered with him in the manner described.

Defendant presented the following points :

1. Under all the evidence in this case the plaintiff cannot recover in the present form of action.

2. To maintain the present action the plaintiff must show that the injuries received by him were committed by the com-

mand of the Pennsylvania Railroad Company, defendant, or with its assent.

3. There is no evidence in this case to show that the Pennsylvania Railroad Company, defendant, in any manner or form commanded, authorized or permitted the act complained of by the plaintiff.

4. Under all the evidence in this case the verdict of the jury must be for the defendant.

The court answered the above points as follows:

In answer to all of these points we say that they are disaffirmed. It is admitted that the man whose alleged failure of duty toward the plaintiff caused the alleged injury was the defendant's conductor at the time of the alleged wrong, in charge of the loading of passengers. If this conductor behaved as the plaintiff has sought to establish, if he negligently or improperly caused the plaintiff to fall from the steps of the car while he was in the act of boarding the train, then he misconducted himself, failed in the discharge of his duty toward the plaintiff while acting within the scope of his employment, and the defendant is responsible for his conduct, and damages, under these circumstances, if they have been suffered, may be recovered in this suit.

Verdict and judgment for plaintiff for $5,959. Defendant appealed.

*Errors assigned* were (1–5) above points and the answers thereto.

*John J. Pinkerton*, for appellant.—For an unauthorized wilful and wanton assault, such as the plaintiff declared for and such as we must now conclusively assume that the jury have found, committed by a servant, the master is not liable: M'-Manus v. Crickett, 1 East's Rep. 106 ; Lyons v. Martin, 8 Adolphus & Ellis, 512 ; Roe v. Birkenhead, etc., Ry. Co., 7 Ecxh. 36 ; Mitchell v. Crassweller, 13 C. B. 237 ; Fox v. Northern Liberties, 3 W. & S. 103 ; Yerger v. Warren, 31 Pa. 319 ; Snodgrass v. Bradley, 2 Grant, 43 ; Pittsburg, etc., Pass. Ry. Co. v. Donahue, 70 Pa. 119 ; Towanda Coal Co. v. Heeman, 86 Pa. 418 ; Allegheny Valley R. R. Co. v. McLain, 91 Pa. 442 ; Pennsylvania Co. v. Toomey, 91 Pa. 256 ; Wilson v. Donaghy, 7 Phila. 153 ; Rudgeair v. Reading Traction Co., 180 Pa. 333.

A railroad company is not responsible for injuries arising from a malicious and wilful trespass committed by its servant simply because the servant was at the time in the service of the company. The trespass must be committed in the course of his service, and by the authority or command of the company: Pennsylvania Co. v. Toomey, 91 Pa. 256; Pittsburgh, Allegheny & Manchester Pass. Ry. Co. v. Donahue, 70 Pa. 119; Allegheny Valley R. R. Co. v. McLain, 91 Pa. 442; Rudgeair v. Reading Traction Co., 180 Pa. 333.

*Thomas W. Pierce* and *Wilmer W. MacElree*, for appellee.— The master is liable for the conduct of his servant within the course of his employment: Drew v. Peer, 93 Pa. 240; Phila. Tract. Co. v. Orbann, 119 Pa. 37; Pittsburg R. R. Co. v. Lyon, 123 Pa. 140; Lake Shore R. R. Co. v. Rosenzweig, 113 Pa. 535; Schimpf v. Harris, 185 Pa. 46; Jaggard on Torts, p. 261; Craker v. Chicago & Northwestern Railroad Co., 36 Wis. 657.

The plaintiff's statement contains all the allegations essential to an action on the case: Drew v. Peer, 93 Pa. 234.

OPINION BY MR. JUSTICE MITCHELL, May 27, 1901:

For a wilful or intentional trespass by an employee outside of the line of his duty under his employment it is settled that the employer is not responsible, even though it be committed while the servant is in the exercise of his employment. But in the latter case, its wilful and separate character must appear.

Plaintiff declared for an unprovoked assault upon him by the conductor as he was about to enter the train and the defense was a total denial that any such assault took place. Appellant now argues that as the jury have found in the plaintiff's favor that the assault was committed, we must take the plaintiff's version of it, and that makes out a clear case of wilful and unprovoked trespass outside the line of the conductor's employment. But this view ignores some of the evidence. The jury were bound in finding their verdict to consider and determine not only the fact of the assault but also its character and the circumstances under which it was made. The plaintiff testified that he was an intending passenger and was in the act of entering the car. Prima facie, therefore, he was within the authority and control of the conductor in the course of his

employment, and there was other testimony to the same effect. Thus Mrs. Barton, a witness, testified that when the conductor caught hold of the plaintiff he said : "Stay off until the people get out." This was evidence that what the conductor did was not only in the course of his employment but in the supposed performance of his duty in the orderly management of the passengers leaving and entering the train. If in so doing he used unnecessary violence the employer would be liable, and the jury have so found.

Judgment affirmed.