## Brennan, Appellants, *v.* Merchant & Company, Incorporated.

*Negligence—Master and servant—Liability of master for act of passion on part of servant—Province of court and jury.*

A master is liable for the tortious acts of his servant done in the course of his employment and within the general scope of his authority. His presence or absence when the act is performed, and whether it is done with or without his direct authority, does not affect the question of the master's liability to the party injured. If, however, the wrongful act, resulting in the injury, was done by the servant outside of his employment and not in the execution of his master's business, but to gratify the servant's personal ill will or malice, the master is not liable, although the servant was at the time in his employment.

A master who puts his servant in a place of trust or responsibility, and commits to him the management of his business or the care of his property, is justly held responsible when the servant, through lack of judgment or discretion, or from infirmity of temper, or under the influence of passion aroused by the circumstances and the occasion, goes beyond the strict line of his duty or authority and inflicts an unjustifiable injury upon another. Whether the act is within the scope of the servant's employ-

ment is a question of fact for the jury. Of course, if the facts and the inferences to be drawn from them are not in dispute, the court may determine the question as a matter of law.

Where a boy eight years old climbs on the side of a moving truck wagon, and sustains himself by holding to a standard, the driver has a right to remove the boy, but in doing so he must observe necessary precaution so as not to endanger the life or limbs of the child. If he does not observe such precaution, and the child is injured, the employer of the driver may be held liable for the injuries sustained. Thus if the driver turns, and without warning, strikes the boy with his whip on the hand with which the boy grasped the standard, and in consequence the boy falls under the wheels of the wagon, and is injured, it is for the jury to say whether the act of the driver was negligent, and whether it was within the line of his duty and within the scope of his employment.

Guille v. Campbell, 200 Pa. 119, distinguished.

Argued Jan. 6, 1903. Appeal, No. 151, Jan. T., 1902, by plaintiff, from judgment of C. P. No. 3, Philadelphia Co., June Term, 1898, No. 955, refusing to take off nonsuit in case of Thomas Brennan, a Minor, by his Father and Next Friend, Thomas F. Brennan, and Thomas F. Brennan, and Ella J. Brennan as the parents of Thomas Brennan, a Minor, v. Merchant & Company, Incorporated. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before McCARTHY, J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*Joseph P. McCullen*, for appellants, cited: Pittsburg, etc., Pass. Railway Co. v. Donahue, 70 Pa. 119 ; Biddle v. Hestonville, etc., Pass. Ry. Co., 112 Pa. 551 ; Barre v. Reading City Pass. Ry. Co., 155 Pa. 170 ; Enright v. Pittsburg Junction R. R. Co., 198 Pa. 166 ; Levin v. Second Ave. Traction Co., 194 Pa. 156 ; Satinsky v. Mutual Brewing Co., 187 Pa. 57.

*John G. Johnson*, for appellee, cited: Guille v. Campbell, 200 Pa. 119 ; Towanda Coal Co. v. Heeman, 86 Pa. 418 ; McClung v. Dearborne, 134 Pa. 396 ; Rudgeair v. Reading Traction Co., 180 Pa. 333 ; McKenzie v. McLeod, 10 Bingham, 385 ; Lyons v. Martin, 8 Adolphus & Ellis, 512 ; Rich-

ards v. West Middlesex Water Works Co., L. L. 15 Q. B. D. 660; Walker v. Southeastern Ry. Co., L. R. 5 C. P. 640; Allen v. London, etc., Ry., L. R. 6 Q. B. 65; Mali v. Lord, 39 N. Y. 381; Mulligan v. New York, etc., Ry. Co., 129 N. Y. 506 (29 N. E. Repr. 952); Little Miami R. R. Co. v. Wetmore, 19 Ohio, 110; Golden v. Newbrand, 52 Iowa, 59 (2 N. W. Repr. 537); Dolan v. Hubinger, 109 Iowa, 408 (80 N. W. Repr. 514); Georgia R. R. & Banking Co. v. Wood, 21 S. E. Repr. 288.

OPINION BY MR. JUSTICE MESTREZAT, March 30, 1903:

Tommy Brennan, eight years of age, lived with his parents at 816 South 19th street, in the city of Philadelphia, near the place where he was injured. While he and Peter Gormley, another boy of the same age, were playing on Laferty's steps on Christian street below 20th street, Nicholas Larkins, an employee of the defendant company, drove its wagon down Christian street in the front of the Laferty residence. This was a four wheeled truck wagon with uprights or standards along the sides, connected by a chain passing between them. It was loaded with flat boxes, and the driver sat on a high seat in front. As the wagon passed the place where the boys were playing, they went into the street and got on to it—Gormley on the rear end and Brennan on the right or south side between the front and rear wheels. Brennan stood on the side of the wagon and sustained himself by holding to a standard located between him and the driver. After the boys had mounted the wagon and it had gone a short distance, the driver turned toward Brennan and, without saying anything to him or giving him any warning, struck him with his whip on the hand with which the boy grasped the standard. He was knocked off the wagon, or through fright relaxed his grip of the standard and fell off and under the wheels. His leg was crushed to a jelly below the knee, requiring it to be amputated at the middle of the thigh. At the time the boy was struck and fell from the wagon, Larkins was driving at a medium trot.

This action was brought to recover damages for the injuries sustained by the boy. The evidence would have warranted the jury in finding the facts as we have stated them. The learned trial judge granted a compulsory nonsuit, "first, be-

cause the act of violence by which the injury is said to have been occasioned was not done by the driver in the execution of the authority given him, but was beyond it, and must be regarded as the unauthorized act of a servant, for which the defendant is not answerable; and, second, because there has been no negligence shown on the part of the defendant." The court in banc subsequently refused to take off the nonsuit, and the plaintiffs have appealed.

A master is liable for the tortious acts of his servant done in the course of his employment and within the general scope of his authority. His presence or absence when the act is performed, and whether it is done with or without his direct authority, does not affect the question of the master's liability to the party injured. If, however, the wrongful act, resulting in the injury, was done by the servant outside of his employment and not in the execution of his master's business, but to gratify the servant's personal ill will or malice, the master is not liable although the servant was at the time in his employment. In Rounds v. Delaware, etc., R. R. Co., 64 N. Y. 129, Mr. Justice ANDREWS, delivering the opinion of the court, states the rule as to the liability of a master for the torts of his servant as follows: " It is in general sufficient to make the master responsible, that he gave to the servant an authority, or made it his duty, to act in respect to the business in which he was engaged when the wrong was committed, and that the act complained of was done in the course of his employment. The master in that case will be deemed to have consented to and authorized the act of the servant, and he will not be excused from liability, although the servant abused his authority, or was reckless in the performance of his duty, or inflicted an unnecessary injury in executing his master's orders. The master who puts the servant in a place of trust or responsibility, and commits to him the management of his business or the care of his property, is justly held responsible when the servant, through lack of judgment or discretion, or from infirmity of temper, or under the influence of passion aroused by the circumstances and the occasion, goes beyond the strict line of his duty or authority and inflicts an unjustifiable injury upon another." Whether the negligent act was within the scope of the servant's employment is a question of fact for the jury: Guinney v. Hand, 153 Pa.

404. Of course, if the facts and the inferences to be drawn from them are not in dispute, the court may determine the question as a matter of law.

Applying these principles to the case in hand, it is apparent that the learned trial judge committed error in granting the nonsuit. It was for the jury to determine, under proper instructions, whether the act of the driver in causing the boy to fall from the wagon was negligent, and whether it was in the line of his duty and within the scope of his employment, so as to render his employer responsible for the act.

At the time of the accident, Larkins had the custody and management of the wagon, and was driving it for the owner, the defendant company. The driver's control of the wagon carried with it the employer's authority to protect it and to prevent persons from getting on it, as well as to remove persons from it. It was not only the right of the driver to remove trespassers from the wagon, but also his duty to his employer to do so. He, therefore, was authorized to eject the boy from the wagon and could use the necessary force for that purpose. If his act in striking the boy was intended to remove him by force from the wagon, it would be the act of his employer for which the latter would be responsible. If, on the other hand, the purpose of the driver was not to cause the boy to leave the wagon, but to inflict punishment upon him to gratify the ill will of the driver, the defendant company is not responsible for the wrongful or tortious act. It would not be an act done by the employee in the execution of his employer's business, although it was performed while he was in the service of the employer. It would be an act of the employee directed against the boy independently of the driver's contract of service, and in noway connected with, or necessary for, the accomplishment of the purpose for which the driver was employed. The negligent performance of the act, therefore, would impose no liability on the employer.

In exercising the right and in performing the duty to remove the boy from the wagon, the driver was required to use the care that a reasonably prudent man would exercise under the circumstances. His failure to observe such precaution in removing the child from the wagon would convict him of negligence for which his employer would be liable. The tender

years of the child relieve him from any charge of negligence in entering upon the wagon. If it was the intention of the driver to remove or drive the boy from the wagon by striking him on the hand with his whip, and thereby causing him to fall or jump from the wagon, it was a grossly negligent act. As said by the counsel of the appellee in his printed brief: "If he (the driver) had requested appellant to get off, even though he had not stopped, there can be doubt that the latter, who had succeeded in climbing up, could equally well have gotten down. Under the evidence, however, he hit appellant in such a way over the hand as caused his hold of the standard to relax, and his fall between the wheels." Larkins's act endangered not only the safety but the life of the boy and was wholly inexcusable. "Extra precautions," says Mr. Justice GORDON in Biddle v. Hestonville, etc., Passenger Railway Co., 112 Pa. 551, "are not required in anticipation of the intrusions of trespassers, even though they be children, but when they do so intrude and are known to be in an improper place, they must not be so wholly neglected as to endanger their lives or limbs. Any other doctrine would so illy accord with Christian civilization as to render its maintenance impossible."

If the jury should find that Larkin intended by his act to remove the boy from the wagon, the case would be within the rule announced in Enright v. Pittsburg Junction R. R. Co., 198 Pa. 166, Northwestern R. R. Co. v. Hack, 66 Ill. 238, Kline v. Central Pacific R. R. Co., 37 Cal. 400, Hoffman v. New York Central, etc., R. R. Co., 87 N. Y. 25, and that line of cases where the employer was held liable for the negligent acts of his employee done in the line of his duty and within the scope of his employment. In the Hack case the employee kicked a boy's hand, thus loosening his hold, and he fell under the cars and was killed. In the Kline case the conductor pushed the boy off a moving car or he jumped off in obedience to a sharp command of the conductor and was injured. In the Hoffman case, a boy had jumped upon the steps of a car in a passenger train and the conductor or brakeman kicked him off while the train was in motion and he was injured. In the case at bar, as in those cited, the servant had the right to remove the boy, but in doing so he was compelled to observe the necessary precaution so as not to endanger the life or limbs of the child.

This duty was incumbent upon the employee, and a failure to perform it would be negligence for which the defendant company would be liable.

The learned counsel for the appellee cites and relies upon Guille v. Campbell, 200 Pa. 119, to sustain the court below in entering the judgment of nonsuit against the appellant. The facts of that case clearly distinguish it from the case under consideration here. There the servant was employed to drag bales of cotton from the sidewalk into a wareroom and was furnished with an iron hook with which to perform the service. Some boys were playing on and around the bales and thus interfering with his work. He attempted to frighten them away by making a motion as if to throw the hook at them. The hook slipped from his hand and struck and injured a boy, not on or about the bales but standing at another place on the sidewalk where he did not interfere with the servant in the performance of his work and towards whom the servant made no demonstration to remove him from his place. It was held that the employer was not liable for the injuries sustained by the boy. In the case at bar, however, the act was directed against the injured boy by the servant, who had the authority and whose duty it was to remove him from his employer's wagon. We think the difference in the cases is apparent, and that the decision in the Guille case does not rule this case in favor of the appellee.

The assignment of error is sustained, and the judgment is reversed with a procedendo.