SHEAR et ux. v. SINGER SEWING MACH. CO.

(Circuit Court, E. D. Pennsylvania. June 18, 1909.)

No. 410.

MASTER AND SERVANT (§ 305*)—MASTER'S LIABILITY FOR ACTS OF SERVANT—
TORTS COMMITTED IN PERFORMANCE OF DUTY.

Where an employé of a sewing machine company, sent out to look up and take back leased machines, committed an assault in attempting to take a machine from a lessee, the company was liable therefor, although he acted contrary to his instructions.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1223, 1224; Dec. Dig. § 305.*]

At Law. On motion for judgment notwithstanding the verdict.

William O. Armstrong, for plaintiffs.
Arthur B. Eaton, for defendant.

HOLLAND, District Judge. This is a claim for damages on the part of the plaintiffs for injury to Clara Shear, the wife of Meyer Shear, resulting from an alleged assault committed upon her by one

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Harry Stoops, employed by the defendant company. It appears from the testimony of L. W. Tallman, supervising agent for the Philadelphia Division of the Singer Sewing Machine Company, that Mr. Stoops was an employé of the defendant. In response to the question as to whether Stoops had been sent to take back the machine, Mr. Tallman stated:

"Where they were willing to give them up. Mr. Stoops' position was one of hunting up lost cases; people that had moved without giving us their address. Mr. Stoops was put on the trail and looked up the case. If he found the case, and the people were willing to give up the machine, he had authority to take it; but he had specific instructions not to take it if there was objection. We take it up with the sheriff under those conditions."

From this it appears that Stoops was employed in hunting up lessees whose places of abode had been changed and had taken the leased machines with them upon which payments were still due. In this case the plaintiff was a lessee who had moved, and was what was styled a "lost case." Stoops called upon her for the purpose of securing the machine. The business of finding these "lost cases" and securing the property was committed to Stoops by the defendant company, with instructions to take a machine when the parties were willing to give it up. Although instructed by his employer not to take a machine where objections were offered by the lessee, if he violated these instructions in the performance of the duty for which he was employed, and secured the machine or attempted to secure it by violence, and inflicted an injury upon the plaintiff, instead of proceeding under the lease as directed, his employer would be liable, and the questions as to whether he was acting within the scope of his employment, and whether he committed the alleged assault, were questions properly to be determined by the jury. Grant v. Singer Co., 190 Mass. 489, 77 N. E. 480, 6 L. R. A. (N. S.) 567; McClung v. Dearborne, 134 Pa. 396, 19 Atl. 698, 8 L. R. A. 204, 19 Am. St. Rep. 708; Brannan v. Merchant Co., 205 Pa. 258, 54 Atl. 891.

These questions were accordingly submitted to the jury, and a verdict was rendered in favor of Clara Shear, the wife, in the sum of $200. The defendant had submitted a point requesting binding instructions in its favor, which was refused by the court, and in accordance with the Pennsylvania practice act a motion was duly filed moving the court to enter judgment non obstante veredicto.

As the questions involved were questions entirely for the jury, and not for the court, the motion of the defendant for judgment notwithstanding the verdict must be overruled; and it is so ordered.