# McGinley *v.* Philadelphia & Reading Railway Company, Appellant.

*Negligence—Railroads—Shooting of trespasser—Private officer —Trials—Charge of court—Erroneous reference to facts—Duty of counsel—Damages—Future earnings—Case for jury.*

1. In an action against a railroad company to recover damages for injuries sustained by a boy as the result of being shot by a special officer of the defendant company, the case is for the jury and a verdict for the plaintiffs will be sustained where it appears that the boy, in company with companions, had boarded a moving freight train for the purpose of stealing a ride; that their presence was promptly discovered; that the train was stopped a few minutes later to take them off, and that before plaintiff alighted he was shot by the officer, but when there was nothing to show that plaintiff had committed or intended to commit a felony.

2. In such case where there was no evidence of what the plaintiff had earned before he was injured but where it appeared that after the accident and before his disability became permanent he was earning eight dollars a week, it was not error for the court to charge that plaintiff's father who sued jointly with the son was entitled to recover such a sum as would compensate him for the loss of wages of his son until he attained his majority; and that the son would be entitled to recover for future loss of earnings, and in determining the amount the jury should take into consideration what he had earned after the accident and before his disability became permanent.

3. Where the trial judge makes incorrect or erroneous reference to any fact in his charge to the jury it is the duty of counsel to call the court's attention to such fact, and where this has not been done

and the charge leaves it to the jury to determine what the real facts were, the error cannot thereafter be taken advantage of.

Argued March 20, 1917. Appeals, Nos. 387 and 388, Jan. T., 1916, by defendant, from judgment of C. P. No. 4, Philadelphia Co., March T., 1915, No. 3395, on verdicts for plaintiffs in case of James M. McGinley, by his next friend and father Neil McGinley, and Neil McGinley v. Philadelphia & Reading Railway Company. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before AUDENRIED, P. J.

From the record it appeared that on September 16, 1914, three boys decided to go to Tamaqua to seek work. They planned to ride a certain freight train without paying their fares. They entered the train yard by the street entrance, passed the railroad watchman, asked him about the train, walked to a nearby point in the yard and awaited the train. They boarded it while moving and the train did not stop until halted a few minutes later to take off the boys. Their intention to board the train or their presence on it were known at once. The railroad officers were notified by telephone that the boys were on it and were ordered to take them off. The man who did the shooting boarded the train at or about the same time they did. When the train stopped a few minutes later, the boys were found on the bumpers between different cars some distance apart. Upon seeing one of the boys the officer who did the shooting drew his revolver and told that boy to come down. He did so. In company with the second officer he walked that boy forward and seeing the plaintiff between the two cars said, "Here is another fellow," and without further word pointed his revolver at the plaintiff and shot him as he turned to get off the car on the opposite side.

There was no felony either committed or intended nor

any evidence of suspicion of one. The charge preferred by the officers immediately afterwards was train riding as to one and as to the plaintiff carrying concealed weapons.

The bullet entered the boy's hip joint. Operation failed to remove it and he was maimed for life. He was nineteen years old at the date of the accident. His earning capacity was almost totally destroyed.

The trial judge charged the jury in part as follows: If there is to be a verdict against the defendant, the father is entitled to receive such a sum of money as will make up to him for the loss of such wages as his son probably would have made between the time of the accident and his twenty-first birthday, November 18, 1916. If there is to be a verdict against the defendant, you may, besides giving the young man compensation for the pain and suffering up to the present endured, and such as may come on him in the future, an allowance in respect to diminution of his earning power; that is, you may compensate him for his future loss of earnings. As to what those will be the case is not very clear. He may live to be an old man, he may be cut down in his prime, he may die young. Just what he would earn as a machinist's helper —I think that was his original occupation—I cannot say. You have heard what the witnesses have said on that point and will take it into account.

Verdict for plaintiff, James M. McGinley, for $10,000 and for Neil McGinley for $1,000 and judgment thereon. Defendant appealed.

*Errors assigned*, among others, were instructions to the jury, the refusal of the court to direct verdict for defendant and to enter judgment for defendant n. o. v.

*William Clarke Mason*, for appellant.

*J. Morris Yeakle*, for appellees.

PER CURIAM, April 16, 1917:

This case was for the jury, and the learned trial judge would have erred if he had affirmed defendant's point asking that a verdict be directed in its favor. Complaint is made of certain portions of the charge as inaccurately referring to the testimony. If any fact was inaccurately or erroneously stated in the instructions to the jury, it was the duty of counsel for defendant to call the trial judge's attention to his inadvertence, that the same might be corrected before the jury retired: Nowlis v. Hurwitz, 232 Pa. 154. We discover no error in the trial judge's comment on the testimony, as he left it to the jury to freely determine what the real facts were, and to return their verdict in accordance therewith. While there was no evidence of what the plaintiff had earned before he was injured, there was testimony that after the accident, and before his disability became permanent, he was earning eight dollars per week. That was sufficient for the instructions which are the subject of the fourth and fifth assignments of error. The jury could well have found that the plaintiff's earning capacity before he was crippled was at least equal to what it was afterwards.

The assignments of error are overruled and the judgment is affirmed.