## Bylock v. Colonial Ice Cream Company.

*E. Rudman*, for plaintiff; *H. D. Saylor*, for defendant.

MARTIN, P. J., July 10, 1929.—Plaintiff instituted suit to recover damages resulting from an assault and battery committed upon him by a driver in the employ of defendant.

The jury returned a verdict in favor of plaintiff for $3600.

Defendant moved for judgment *n. o. v.*, and entered a rule for a new trial.

Plaintiff conducted a store for the sale of ice cream at Bryn Mawr, and purchased ice cream from the defendant. Brando drove defendant's truck, delivered ice cream and made collections.

There was evidence for plaintiff that Brando made insulting or offensive remarks to the wife of plaintiff, that plaintiff complained to a salesman employed by defendant, that the salesman promised that the driver would act differently, and plaintiff forgave the driver; that four or five days later the driver delivered ice cream to plaintiff, was paid, and then said to plaintiff: "Listen, don't be too smart and report me again. If you will, I'll take the best with you." Plaintiff assumed that this was a threat to thrash him, and called up the salesman and subsequently visited the office of defendant, and was assured by the foreman that he would not send the same driver to deliver ice cream. Some days later the driver, accompanied by the foreman, came on the truck to deliver ice cream. Plaintiff was handed a bill by the driver, which he paid by handing him a check. The foreman then asked plaintiff why "he should not make up with this man." Plaintiff testified: "I told him I couldn't do anything about the man;" and that this was followed by an unprovoked striking of plaintiff, which resulted in a broken jaw.

There was no evidence of any further offensive remarks to the wife between the time of the first complaint and the assault.

The foreman testified that he ordered the driver to remain outside the plaintiff's store while he, the foreman, delivered the ice cream there, but that, contrary to this order, the driver followed him into the store, had some conversation with plaintiff, that plaintiff called the driver a son of a bitch, and then the driver struck him. The testimony of the forman was corroborated by the driver.

The act of the driver was not authorized or assented to by the employer, and was wholly disconnected from the purpose of defendant's business or the employment of the driver. Defendant, through the foreman, attempted to prevent trouble between the plaintiff and the driver, and made an effort to adjust whatever feeling there was between the men. There was no evidence

490

to warrant the inference that defendant knew, or should have known, that the driver was of a quarrelsome disposition.

Brennan v. Merchant & Co., Inc., 205 Pa. 258, and kindred cases, in which employers have been held liable for the negligent manner in which servants removed trespassers from moving vehicles, or from the land of the employer, are not in point where the act complained of is not connected with the employment, and can in no sense be termed a negligent act done in the course of employment, and the only relation is the fact that the event happens at a time when the servant is engaged in his employer's work.

In Rudgeair v. Reading Traction Co., 180 Pa. 333, the employer was held not liable for the act of a motorman who, leaving his car, committed an assault upon a person driving a team on the tracks of the company. It was held that the servant was not acting within the scope of his employment or by the authority of its officers or agents.

The act of Brando, the driver, was wholly disconnected from his employment, and was in no sense warranted or assented to by the employer.

The motion of defendant should be allowed.

Judgment n. o. v. is directed to be entered in favor of the defendant. An exception to this action of the court is noted for plaintiff. The rule for a new trial is discharged.