## Howard, Appellant, *v.* Zaney Bar.

Argued November 23, 1951. Before DREW, C. J., STERN, STEARNE, LADNER and CHIDSEY, JJ.

*Howard Richard,* for appellant.

*Harry R. Back,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 7, 1952:

Plaintiff, a patron in defendant's bar, was seriously wounded when shot by its bartender. Plaintiff there-

upon instituted this suit in trespass against defendant to recover for the injuries received. The court below submitted the issues to the jury which found for plaintiff in the sum of $3,800. Defendant then filed a motion for judgment n.o.v. which the court below granted. This appeal followed.

The facts are summarized by the court below: "The evidence shows that in the early hours of the morning the plaintiff—a regular customer of this bar room— entered the premises and consorted with a female customer. The plaintiff admits he 'made some passes at her.' The bartender who was behind the bar said to the plaintiff, 'I would not talk to anyone like that. He asked me if I was looking for trouble and I told him no.' 'The bartender reached under the counter and pulled a pistol out . . . he shot at me. The bullet went through my little finger and went into my neck.' . . . 'Then he shot at Van Loan who was standing next to the piccolo.'"

The sole issue on appeal is whether the bartender was acting within the scope of his employment when he shot plaintiff. The evidence clearly indicates that he was not.

It is the duty of the owner of a bar or taproom to keep it orderly and reasonably well policed: *William Rommel v. Jacob Schambacher*, 120 Pa. 579, 11 A. 779; *Wolk et al., v. Pittsburgh Hotels Co.*, 284 Pa. 545, 550, 131 A. 537; *Poulos v. Brady*, 167 Pa. Superior Ct. 150, 152, 74 A. 2d 694. This duty the defendant owner fulfilled when he hired the bartender and instructed him to maintain order in the bar. No question arises that it required more than one bartender to maintain order. It was the duty of the bartender to maintain order. To perform this duty, inherently the bartender was authorized to use all *reasonable* means to maintain an orderly establishment. In keeping and maintaining order he was no doubt furthering the business

of his employer. And in using any reasonable means to secure order he was acting within the scope of and in the course of his employment. Where, *within the scope of his employment*, a servant uses unreasonable means, the master, in certain circumstances, may still be liable: *Brennan v. Merchant & Company, Incorporated*, 205 Pa. 258, 54 A. 891. However, when the bartender, because plaintiff made advances to a girl sitting next to him, pulled out a gun and shot plaintiff, the bartender then departed from the scope of his employment. Such a use of violence under these circumstances is shocking and a gross abuse of all authority the bartender possessed to maintain order.

Defendant is not an *insurer* of the safety of his patrons from injuries caused by its employe. Cf. *Jefferson, Admrx., et al. v. Young Men's Christian Association*, 354 Pa. 563, 47 A. 2d 653. The disorder, if any, was so insignificant and the use of violent force so excessive and dangerous, totally without responsibility or reason, that we are compelled *as matter of law* to absolve defendant of vicarious liability. In Restatement, Agency, sec. 229, comment b, it is stated: "Although an act is a means of accomplishing an authorized result, *it may be done in so outrageous or whimsical a manner that it is not within the scope of employment*." (Italics supplied) Also in comment a to sec. 231, it is stated: ". . . a gardener using a small stick in an assault upon a trespassing child to exclude him from the premises may be found to be acting within the scope of the employment; if, however, the gardener were to shoot the child for the same purpose, it would be very difficult to find the act within the scope of employment." See also sec. 235, comment c and sec. 245, comment d, Restatement, Agency. In *Berryman v. Pennsylvania Railroad Company*, 228 Pa. 621, 624, 77 A. 1011, it is stated: ". . . no presumption arises that every act he did while there was done in

the discharge of a duty owing to the company. The evidence must show at least circumstances from which a jury can reasonably infer such facts before the employer can be held .answerable for the consequences. When it discloses circumstances which admit of no other inference than that the act complained of was both willful and separate from duty, the individual committing the trespass alone is responsible. The law is thus stated by Mr. Justice MITCHELL in McFarlan v. Railroad Co., 199 Pa. 408, 'For a willful or intentional trespass by an employee outside the line of his duty under his employment, it is settled that the employer is not responsible, even though it be committed while the servant is in the exercise of his employment. But in the latter case, its willful and separate character must appear.' " In that case a railroad policeman shot the plaintiff for no apparent reason. The court ordered judgment n.o.v. for defendant. In *Pilipovich v. Pittsburgh Coal Company,* 314 Pa. 585, 590, 172 A. 136, it is stated : "Of course,· the deviation from the line of duty may be so great that the act cannot properly be said to be within the scope of the servant's employment. . . ."

We are aware of the cases which hold that if an industrial policeman, in preserving order or protecting employes from strikers, fires his gun and thereby injures someone, the company employing such policeman is liable for the injuries caused. The case above referred to (*Berryman v. Pennsylvania Railroad Company,* supra) is a good example. See also *McGinley v. Philadelphia & Reading Railway Company,* 257 Pa. 519, 101 A. 825; *Pilipovich v. Pittsburgh Coal Company,* 314 Pa. 585, 172 A. 136; *Orr v. William J. Burns International Detective Agency et al.,* 337 Pa. 587, 12 A. 2d 25. Such cases are distinguishable on their facts. There are considerable differences between the duties of an industrial policeman and the duties of a

bartender. True both owe a duty to maintain order. There the similarity ends. Industrial policemen are commissioned officers of the Commonwealth and as such are permitted to carry and use firearms: Act of May 25, 1937, P. L. 799, sec. 1, 38 PS, 15. Cf. *Fagan v. Pittsburgh Terminal Coal Corporation*, 299 Pa. 109, 149 A. 159. When duly commissioned and sworn they become possessed with the right to exercise all the functions of municipal policemen: *Fagan v. Pittsburgh Terminal Coal Corporation*, supra. It is to be reasonably expected that in the course of their duties it might become necessary as policemen to make arrests, swear out warrants and even in rare instances to make use of a pistol. The bartender, on the other hand, *qua* bartender, possesses none of the above enumerated powers. The extent of his duties is to use reasonable means to maintain order. The extent to which a bartender can act and yet *remain within his scope of employment* is in no way analogous to the extent to which a municipal policeman may act to maintain order.

An examination of the evidence convinces us that the court below was correct in its conclusion. As matter of law defendant's bartender was not acting within the scope of his employment when inflicting the injuries about which plaintiff complains.

Judgment affirmed.