McMaster et al., Appellants, *v*. Reale.

Argued October 5, 1954. Before RHODES, P. J., ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ. (HIRT, J., absent).

*Irvin J. Kopf,* for appellants.

*Ralph S. Croskey,* with him *Morton B. Weinstein,* for appellees.

OPINION BY GUNTHER, J., January 14, 1955:

This is an action in trespass by a minor through his parents against four defendants individually and as members of a partnership. The jury rendered a verdict in favor of the plaintiffs against Tripoli A. Reale and in favor of the other two defendants (the fourth defendant having died before trial, the action as to him was abated by agreement of counsel). The court

below denied plaintiff's motions for a new trial and for judgment n.o.v. and plaintiffs have appealed.

The testimony disclosed that the partnership, Reale Construction Company, was engaged in installing sewer pipes along public streets in Philadelphia. The minor plaintiff was found near an open sewer ditch by Tripoli Reale, the foreman for the partnership, who told the minor to leave and then kicked and slapped him. The issue of tortious conduct having been determined by the jury in favor of plaintiffs, the only question is whether the other partners are bound by the acts of their foreman.

Plaintiffs contended that Tripoli Reale was a member of the partnership because he had joined in a fictitious name application. The testimony of the defendants revealed that he was never made a partner, but was reported and paid as an employe of the partnership. However, it is undisputed that Tripoli Reale was the foreman in charge of the work at the time the injury was inflicted, and plaintiffs now contend that the evidence clearly indicates that he was acting within the scope of his employment so that the partners are bound by his tort as a matter of law.

Tripoli Reale testified that the minor plaintiff had been previously damaging the sewer property; that he caught the plaintiff in the act, told him to get out, chased him and kicked him. On the other hand, the minor testified that he had never been near the particular ditch before, that he was only looking into the ditch when the defendant told him to go away; that as he walked away he was kicked and then struck in the face. An issue of fact was thereby raised and, by finding for plaintiffs, the jury determined that Tripoli's actions were either an unprovoked attack on the minor or else an unnecessarily harsh method of removing a trespasser. In either event we cannot hold

as a matter of law that other partners are bound by his tort since the evidence does not necessarily lead to the conclusion that the foreman was acting within the scope of his employment. A hard and fast rule cannot be laid down as to the scope of any particular employment; and it is ordinarily a question for the jury whether or not a particular act comes within the scope of a servant's employment. The only exception is where the facts and the inferences to be drawn from them are not in dispute. *Orr v. Wm. J. Burns Det. Agency,* 337 Pa. 587, 12 A. 2d 25. It is possible to conclude from the evidence that the attack was wholly unprovoked and unwarranted, in which event the rule would apply that "a master is not liable for the wilful misconduct of his servant, and that such wilful misconduct, while it may be within the course of the employment, is not within the scope thereof." *MacPhail v. Pinkerton's National Detective Agency, Inc.,* 134 Pa. Superior Ct. 351, 3 A. 2d 968.

On the other hand, the evidence also supports the conclusion that the foreman attempted to accomplish a proper result, the removal of a trespasser, in an outrageous fashion, which would also be without the scope of his employment. *Howard v. Zaney Bar,* 369 Pa. 155, 85 A. 2d 401. The verdict clearly includes a finding that the attack on the minor plaintiff was either unprovoked or exessive. Such a finding is supportable by the evidence and cannot be disturbed by the court. It was therefore proper for the court below to refuse a new trial and the entry of judgment n.o.v.

Judgment affirmed.