Straiton *v.* Rosinsky, Appellant.

Argued March 25, 1957. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P.J., absent).

546

*Norman R. Bradley,* with him *Ralph S. Croskey,* for appellant.

*David Kanner,* for appellee.

Opinion by Wright, J., June 11, 1957:

We are here concerned with an action in trespass against the operator of a motion picture theatre to recover for injuries sustained by the minor plaintiff when assaulted by an usher. The defense was that the usher was acting beyond the scope of his employment. The jury returned a verdict in favor of the plaintiff. Defendant's motion for judgment n.o.v. was overruled, and judgment was entered on the verdict. This appeal followed.

On August 15, 1952, Richard Straiton, then aged twelve years, attended a matinee movie performance at the Broadway Theatre in the City of Philadelphia. While seated watching the film, he propped his knees against the back of the seat in front of him. Paul Babiak, an usher employed by the manager of the theatre, tapped Straiton on the knees with a flashlight, and told him to "Put your knees down". Straiton complied with the request but, a short time later, put his knees up again. The same usher came along and said: "If you don't put them down, I will take you up to see the manager". Straiton replied: "You don't have to take me up to see the manager, I will go by myself". The usher "had me by the arm . . . I jerked

my arm away from him and started up the aisle". At some point in the sequence of events, the usher struck Straiton over the head with the flashlight. Straiton was subsequently taken to the Episcopal Hospital, where it was found that he had suffered a laceration of the scalp, which was cleansed, sutured and dressed. Several subsequent visits were made to the hospital because of the development of an infection. The boy missed two weeks of school. There had been no previous ill feeling between the participants, and the usher had no personal animosity toward Straiton. The evidence was clear that the entire incident occurred because Straiton had placed his knees against the seat in violation of the rules of the theatre.

Appellant did not file a motion for a new trial, and does not here question the charge of the trial judge. His sole contention is that, as a matter of law, the usher was acting outside the scope of his employment. He relies greatly upon the following language in the Restatement of Agency, Section 229, Comment b: "Although an act is a means of accomplishing an authorized result, it may be done in so outrageous or whimsical a manner that it is not within the scope of employment".

It has been well settled in cases involving grossly excessive assaults that conduct of an employe may, as a matter of law, be so unreasonable as to absolve the employer of liability: *Potter Title & Trust Co. v. Knox,* 381 Pa. 202, 113 A. 2d 549; *Howard v. Zaney Bar,* 369 Pa. 155, 85 A. 2d 401. See also *MacPhail v. Pinkerton's National Detective Agency, Inc.,* 134 Pa. Superior Ct. 351, 3 A. 2d 968. However, the foregoing proposition constitutes an exception to the general rule that "A master is liable for the tortious acts of his servant done in the course of his employment and within the general scope of his authority": *Brennan v. Merchant & Co.,*

*Inc.,* 205 Pa. 258, 54 A. 891. As pointed out in the *Brennan* case, whether the particular act is within the scope of employment ordinarily presents a question of fact for the jury. See also *Orr v. Burns Detective Agency,* 337 Pa. 587, 12 A. 2d 25; *Durando v. Philadelphia Rapid Transit Co.,* 80 Pa. Superior Ct. 65; *McFarlan v. Pennsylvania Railroad Co.,* 199 Pa. 408, 49 A. 270.

Viewing the evidence in the light most favorable to the plaintiff, *Podjed v. Wolfe,* 183 Pa. Superior Ct. 542, 133 A. 2d 256, we have concluded that the case at bar is governed by the general rule. The usher's conduct in the situation under consideration was not so "shocking and a gross abuse of all authority", his use of force was not "so excessive and dangerous, totally without responsibility or reason", *Howard v. Zaney Bar,* supra, 369 Pa. 155, 85 A. 2d 401, that appellant should be relieved of liability as a matter of law. On the contrary, we agree with the court below that the evidence presented a question for the jury to determine, and that its verdict should not be disturbed.

Judgment affirmed.