Ash *v.* 627 Bar, Inc., Appellant.

40

Argued September 14, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

Before KELLEY, J.

*Ralph S. Croskey,* for appellant.

*Barbara Vetri,* with her *Snyder & Lowenschuss,* for appellee.

OPINION BY WATKINS, J., December 14, 1961:

This is an action in trespass brought by Bernard Ash, the plaintiff appellee, for damages alleged to have been inflicted upon him while in a bar known as "627 Bar, Inc.", the defendant appellant. The jury brought in a verdict for the plaintiff in the amount of $2,908.00 and the court en banc, after argument, dismissed the defendant's motion for judgment n.o.v. and entered judgment on the verdict. This appeal followed.

The facts are as follows: The plaintiff entered the premises of the defendant corporation which holds a liquor license and operates a taproom at 19th and Wallace Streets, Philadelphia, on September 26, 1957, at about 3:00 p.m.

After he had taken a seat at the bar, a woman came over to him, and he bought a drink for her and a companion. He allowed his change to remain on the bar. Another patron then picked up a dollar bill from his change. After an argument the dollar was returned. This spirited discussion was heard and witnessed by the bartender.

There was then brought to his attention a shuffle-bowling game which was on the premises. A number of patrons and the bartender were playing and the plaintiff entered the game. The stakes were fifty cents a game and low scorer had to pay for drinks for everyone. The plaintiff played a number of games, did not win, and paid his fifty cents each time. During the game arguments developed among the players and some of them shot out of turn.

The plaintiff decided to stop playing and returned to his place at the bar. The bartender went behind the bar and flipped a coin with him and again the plaintiff lost and bought the drinks. The record shows that all the patrons were "feeling pretty good" by this time.

Shortly after the coin flipping incident the bartender demanded that the plaintiff produce more money to pay for drinks. The plaintiff denied he had ordered any drinks and didn't want any more. The bartender became enraged and shouted, "If you don't get some more money up on the bar, I'm going to beat you up". Plaintiff answered that he was going to leave, whereupon the bartender started to run around the bar waving his hands at him. The plaintiff turned to go out when someone struck him from behind knocking him unconscious. He sustained a fractured skull, lacerations of the face and bruises and contusions to his neck, back, side and legs.

As we are reviewing the refusal of the court en banc to sustain a motion for judgment n.o.v., the facts and all the inferences that may be drawn therefrom

must be regarded in the light most favorable to the plaintiff. *Podjed v. Wolfe,* 183 Pa. Superior Ct. 542, 133 A. 2d 256 (1957).

We agree with the able opinion of Judge KELLEY of the court below where he held, "It is the duty of the defendant to keep its bar or taproom orderly and reasonably well policed, and it is the duty of the bartender to maintain this order. Howard v. Zaney Bar, 369 Pa. 155 (1952). Further, the defendant is bound to see not only that there is order, but that the plaintiff is properly protected from assaults and insults by those in its employ and by others who may be in its place of business. Poulos v. Brady, 167 Superior Ct. 150 (1950); Rommel v. Schambacher, 120 Pa. 579 (1887).

"Where the evidence clearly shows that an atmosphere of disorder, gaming, petty theft and threat prevailed in the taproom, and that such disorder was not halted by the bartender but was actually abetted by him, the duty owed by the defendant to the plaintiff was breached. The defendant must exercise care to see that its patrons or guests are protected from injury. Cross v. Laboda, 190 Superior Ct. 119 (1959). Here it did not do so.

"Having ascertained the breach of the duty owed, the jury could, from the evidence, find that such breach was the proximate or legal cause of plaintiff's injury. The case of Corcoran v. McNeal, 400 Pa. 14 (1960), is here apposite. There no one actually saw the malefactor strike the plaintiff. Nonetheless it was held that the jury's finding was not a guess but a 'conclusion based on unrefuted and unrefutable circumstances'. In sustaining the defendant tavern owner's liability in that case, the Court appropriately noted (at p. 18):

" 'His accountability for the harm done (the plaintiff) attaches because the jury found he had failed in

two important responsibilities: One, he neglected to protect his patrons from foreseeable damage inflicted by intoxicated and *unruly* persons in his establishment; . . . .' " (Emphasis added.)

"The circumstances in the case at bar lead logically to the conclusion of the jury that whosoever it was of those in the bar who struck the blow that felled the plaintiff, the blow was a fruit of the seeds of disorder sown by the bartender.

"Bolstering liability is the Restatement of Torts, Section 348, which provides for the subjection of possessors of land to liability for bodily harm done to members of the public where the public could have been reasonably protected by either controlling the conduct of third persons or warning them. In the case at bar, the defendant did neither."

It should also be pointed out that under the circumstances of this case, where the plaintiff is entitled to all the favorable inferences, that it can be well argued that a fair inference may be drawn from the threatening words and actions of the bartender, immediately before the assault and battery that resulted in the plaintiff's unconsciousness took place, that the bartender was the assailant.

The defendant further contended in support of his motion that the bartender was acting without the scope of his authority at the time of the plaintiff's injury. It is clear that a master is liable for the tortious acts of his servant done in the course of his employment and within the general scope of his employment. *Brennan v. Merchant & Co., Inc.*, 205 Pa. 258 (1903), 54 A. 891. This is ordinarily a question for the jury. *Orr v. Wm. J. Burns Detective Agency*, 337 Pa. 587 (1940), 12 A. 2d 25. *Straiton v. Rosinsky*, 183 Pa. Superior Ct. 545 (1957), 133 A. 2d 257; Restatement of Agency, §245, comment c. The court below well said: "That the acts of the bartender which created the atmosphere of

disorder, were within the scope of his employment, so far as the limits of the law are concerned, cannot be questioned.

"They were not 'shocking and a gross abuse of all authority', nor were they 'so excessive and dangerous, totally without responsibility or reason', as where a bartender shoots a patron annoying a female. Howard v. Zaney Bar, supra. They were, in fact, fairly adapted to accomplish the purpose of the employment, to wit: to encourage the sale of liquor and beer and the use of the amusement machines from which the master derives a profit. The cases cited by the defendant in this respect are not analogous. There were no weapons involved in the case at bar and the bartender was not acting toward an interest antagonistic to the defendant."

In this case the defendant must face the responsibility for having committed the management of his business to this bartender and from the evidence the plaintiff's injury was a direct result of the acts and omissions of the bartender, constituting a breach of duty owed by the defendant to the plaintiff, the patron, as a member of the public. "The master who puts the servant in a place of trust or responsibility, and commits to him the management of his business or the care of his property, is justly held responsible when the servant, through lack of judgment or discretion, or from infirmity of temper, or under the influence of passion aroused by the circumstances and the occasion goes beyond the strict line of his duty or authority and inflicts an unjustifiable injury upon another." *Orr v. Wm. J. Burns Detective Agency,* supra, at pages 590 and 591.

Judgment affirmed.