Anzenberger *v.* Nickols (et al., Appellant).

Argued October 3, 1963. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Harry W. Miller,* with him *Royston, Robb, Leonard, Edgecombe & Miller,* for appellant.

*Regis C. Nairn,* with him *Nairn & Martin,* for appellees.

OPINION BY MR. JUSTICE O'BRIEN, March 17, 1964:

This appeal comes to us from the judgment entered on the jury's verdict after the refusal of the Court of Common Pleas of Allegheny County to grant the appellant's motion for judgment non obstante veredicto.

In this action of trespass, the jury returned a verdict of $68,000. in favor of the plaintiff-appellee against the Campbell Sales Company, defendant appellant, and a verdict in favor of Campbell Sales Company, over and against Theodore E. Nickols. A motion for compulsory nonsuit was granted in favor of Campbell Soup Company.

The facts which the jury could have determined from the evidence are as follows: The plaintiff-appellee was driving his automobile in a southerly direction on the McKees Rocks Bridge, located in Stowe Township, Allegheny County, Pennsylvania, in the right hand lane. At approximately 9:15 p.m. on November 2, 1960, he was hit head-on by an automobile driven by the defendant, Nickols. The automobile driven by the defendant at the time of the accident suddenly crossed over the medial strip into the lane of traffic reserved for traffic coming in the opposite direction. At the time of the accident, the defendant, Nickols, was employed as a traveling salesman for the Campbell Sales Company.

The question for us to determine is whether the issue of the scope of the employment of the defendant, Nickols, was properly before the jury. In order for us to make this determination, we must examine the facts pertinent to Nickols' employment. However, when we consider a motion for judgment n.o.v., the evidence must be viewed in the light most favorable to the verdict winner. *Chambers v. Montgomery*, 411 Pa. 339, 192 A. 2d 355 (1963), and cases cited therein.

The facts viewed in this light are these: Nickols was employed as a traveling salesman for Campbell Sales Company, whose sales office is in Pittsburgh, Pennsylvania. His job required him to travel by automobile in certain counties in Pennsylvania, visiting prospective outlets to promote the sales and distribution of the products distributed by the Campbell Sales Company. On the morning of November 1, 1960, Nickols began a trip through Butler, Franklin, Oil City, New Bethlehem, Leeper, Kittanning, and other towns in the northwestern section of the Commonwealth. The purpose of this trip was to promote the products of the Campbell Sales Company. The last stop on this trip was in Kittanning, in Armstrong County. About 5:00

p.m. the day of the accident, he started homeward. Nickols lived in Gibsonia in Allegheny County. He drove through Apollo via Routes 66 and 88 to Monroeville. In Monroeville, he stopped at a store and made some purchases. He then drove to Wilkinsburg, where he stopped to pick up his car radio. However, the car radio shop was closed. Nickols then drove through Pittsburgh to McKees Rocks. While traveling through McKees Rocks, Nickols saw his cousin's car parked in front of the E and L Restaurant. He stopped in the E and L and met his cousin. They decided to go to Bellevue to a restaurant for dinner. Nickols left the E and L and drove across the McKees Rocks Bridge, at which time the accident occurred. It should also be noted that Nickols testified that before he stopped at the E and L, he intended to cross the McKees Rocks Bridge to go home to Gibsonia. The court below considered eleven additional facts upon which it based its opinion. Some of these facts have probative value on the issue of whether Nickols deviated from the scope of his employment. Some of these are: (1) Nickols was required to use an automobile to perform his tasks. (2) The Campbell Sales Company paid Nickols mileage for the use of his car from the time he left home until he returned. (3) Nickols had no definite, required route to drive going to or from his sales trips. (4) Nickols made sales telephone calls from home and filled out reports at home.

With these facts in mind, we must answer the legal question of whether Nickols was acting within the scope of his employment at the time of the accident or had sufficiently deviated from his employment to eliminate any liability on the part of the Campbell Sales Company.

It is a well settled proposition that the scope of the agent's authority is a question for the jury. *Pillo v. Jim Banes Ford, Inc.*, 410 Pa. 417, 189 A. 2d 850

(1963) ; *Simon v. H. K. Porter Company,* 407 Pa. 359, 180 A. 2d 227 (1962) ; *Exner v. Safeco Insurance Co.,* 402 Pa. 473, 167 A. 2d 703 (1961) ; *Maloy v. Rosenbaum Co.,* 260 Pa. 466, 103 A. 882 (1918) ; *Straiton v. Rosinsky,* 183 Pa. Superior Ct. 545, 133 A. 2d 257 (1957).

Appellant urges that the question of deviation should not have been submitted to the jury. It argues that the evidence indicates a complete departure by Nickols from the scope of his employment. We agree with the court below that the question could not be determined as a matter of law and was properly for the jury. There was evidence from which the jury could find that Nickols was acting within the scope of his employment at the time of the accident. Nickols was returning from a sales trip made on behalf of appellant. The fact that he was returning by a somewhat circuitous route and had conducted some purely personal business en route, does not necessarily place him beyond the scope of his employment. Cf. *Webb v. North Side Amusement Co.,* 298 Pa. 58, 147 A. 846 (1929).

Appellant also complains that the trial court erred in allowing the jury to pass on the question of whether it had acquiesced in Nickols' actions. Without detailing it, there was evidence from which such acquiescence could be found and the trial court could not have ruled on the question as a matter of law. In *Phillips v. Rosenberg,* 402 Pa. 390, 167 A. 2d 279 (1961), we held that the jury could properly infer from the circumstances, that the employer was aware of certain activities of his employee which were not strictly within the employee's authority. In the instant case, Nickols had great leeway in planning his work and routes and was paid for all mileage reported, even though the reported mileage exceeded that actually traveled by an average of some 88 miles per week. We conclude that

there was evidence from which the jury could find that appellant knew, or should have known, of certain deviations by Nickols from the strict bounds of his employment and acquiesced therein.

The case was fairly tried and properly submitted to the jury. The evidence, viewed in the light most favorable to the verdict winner, sustains the findings of the jury.

Judgment affirmed.

Mr. Justice ROBERTS dissents.